**Dick H. CARSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 74–1260.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1975.

Lester L. May, Kenneth A. Herridge, Dallas, Tex., for plaintiff-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Martha J. Stroud, Asst. U. S. Atty., Dallas, Tex., George T. Rita, Tax Div., Dept. of Justice, Meyer Rothwacks, Chief, Appellate Sec., Robert S. Watkins, Atty., Scott P. Crampton, Asst. Atty. Gen., John P. Burke, Murray S. Horwitz, Attys., Tax. Div., Dept. of Jus-

tice, Washington, D. C., for defendant-appellee.

Before RIVES, WISDOM and COLEMAN, Circuit Judges.

## PER CURIAM:

This is an appeal by Dick H. Carson from an order of the District Court dismissing, for lack of jurisdiction, a complaint seeking injunctive relief from and recovery of taxes allegedly erroneously collected.

We affirm.

The facts may be summarized as follows:

On September 18, 1973, Carson filed a complaint in the District Court for the Northern District of Texas, alleging that on May 24, 1973, Dallas police officers arrested him, searched his apartment and seized $6,182 in cash, documents, a television set and other matters; that the Dallas police officers on that same day turned over the cash and documents seized to the Internal Revenue Service; that the Internal Revenue Service kept his money and on May 24, 1973, made a jeopardy tax assessment against him for $35,586; and that on May 25, 1973, the District Director for the Northern District of Texas seized $3,947 from his bank account at the Greenville Avenue State Bank of Dallas.

It was further alleged in the complaint that the arrest of Carson and search of his apartment was entirely illegal, since no search warrant or arrest warrant existed, and that the assessment had no valid or legal basis since it was either made without any supporting information or was based on illegally seized evidence.

The complaint concluded with a prayer that Carson have judgment against the United States for $10,129.58, and that the District Director be enjoined from attempting to levy upon the income, assets or other property of Carson; also, and as further reasons for such relief,

that otherwise his income, assets and other property would be interfered with by the United States, that he would suffer irreparable injury, loss and damage and that he had no adequate remedy at law.

The only evidence in support of the allegations in the complaint was Carson's affidavit. The affidavit merely restated the facts concerning the May 24, 1973 search and seizure by the Dallas police and that $3,947 was seized on May 25, 1973 from his bank account. Nowhere in the affidavit was it alleged that a judicial determination had been made that the disputed evidence had been illegally seized or that he was not engaged in the wagering business. In addition, there were no facts stated to support the allegation that he would suffer great and irreparable damage if his property was seized and sold at public auction.

The Government filed a motion to dismiss the complaint. This motion specifically asserted (1) that the suit sought to enjoin the assessment and collection of a tax contrary to Section 7421 of the Internal Revenue Code of 1954, and (2) that pursuant to Section 7422 the Court was without jurisdiction in a refund suit where no claim for refund had been made.

The District Court granted the Government's motion to dismiss.

Carson's complaint did not deny that he had been engaged in the business of accepting wagers. This omission was crucial. See Lucia v. United States, 5 Cir., 1973, 474 F.2d 565, at 575.

The complaint failed to show by appropriate factual representations that there were no facts by which the Government could establish tax liability. While Carson complained that the action of the tax collector subjected him to irreparable injury, adequate factual basis for the allegation is lacking. There had been no suit for refund of the money seized.

The judgment of dismissal is, therefore, due to be, and is, affirmed under the authority of *Lucia, supra,* and the

cases there analyzed, as well as United States v. Rochelle, 5 Cir., 1966, 363 F.2d 225. See, also, United States v. American Friends Service Committee, —— U.S. ——, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974).

Affirmed.