Donald STASZAK, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV–81–469C.

United States District Court, W. D. New York.

March 26, 1982.

U. S. Atty. Roger P. Williams, Buffalo, N. Y., Gerald Miller, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for U. S.

Donald Staszak, pro se.

CURTIN, Chief Judge.

This is an action for recovery of taxes filed pursuant to 26 U.S.C. §§ 6532(a) and 7422. Plaintiff's claim is that the taxes assessed against his wages during the years 1971 through 1976 and paid by plaintiff during 1971 through 1975 were not constitutionally valid and that he is entitled to recover payment. Notwithstanding the Sixteenth Amendment to the United States Constitution, plaintiff argues that taxation of income accruing to an individual in the form of wages is prohibited as an excise tax.

Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that plaintiff's refund claims were not timely filed and that he has failed to follow the administrative scheme prescribed by Congress, which is a jurisdictional prerequisite to the filing of an action with this court. In the alternative, defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

▮ The filing of a timely refund claim is a jurisdictional prerequisite to a tax refund suit. 26 U.S.C. § 7422; *Carson v. United States*, 506 F.2d 745 (5th Cir. 1975). 26 U.S.C. § 6511 provides that a tax refund claim

shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

▮ Mr. Staszak is requesting refunds for taxes paid for the years 1971 through 1976. The last return for these taxes was filed on April 5, 1976. Plaintiff's administrative refund claims were not submitted until June 4, 1979. Thus, with regard to these claims, it is clear that they are untimely and must be dismissed.

▮ With regard to the claim for his 1976 tax refund, the United States has stated, and it is not disputed by the taxpayer, that Mr. Staszak did not file a return for that year. Accordingly, the amount of income tax withheld by plaintiff's employer during 1976 was deemed paid by the taxpayer on April 15, 1977. 26 U.S.C. § 6513(b)(1). A substitute return for 1976 was prepared by the Internal Revenue Service on February 27, 1980, and on February 9, 1981, an assessment was made against plaintiff for the amount of $6,855.10 for unpaid taxes plus interests and penalties.

Because he failed to file a return, under section Mr. Staszak had until two years after April 15, 1977, to file an administrative claim for the amount of withheld taxes. Again, Mr. Staszak did not do so, filing his claim in June of 1979. Therefore, this claim must also be dismissed as untimely.

▮ Finally, plaintiff seeks refund for the assessed but unpaid tax liability for the year 1976. Since plaintiff has not paid these taxes, he is not, of course, entitled to a refund until they are paid in full.

Therefore, plaintiff's complaint is hereby dismissed.

So ordered.