Francesco GALESI

v.

UNITED STATES of America.

Civ. A. No. 75–85.

United States District Court,
D. Vermont.

Jan. 12, 1976.

Witten & Carter, Bennington, Vt., for plaintiff.

Jerome F. O'Neill, Asst. U. S. Atty., Rutland, Vt., V. James Ferraro, Dept. of Justice, Tax Div., Washington, D. C., for defendant.

MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

This is a civil action brought by landowner, Francesco Galesi, seeking to quiet title to a parcel of real property (the Equinox House) located in Manchester, Vermont. Suit was brought on February 27, 1975, in the Superior Court at Bennington, Vermont, in accordance with the prescribed Vermont procedures.

13. *Hoyt v. United States, supra.*

The defendant removed the action to this court as provided in 28 U.S.C. § 1444.

The parties are agreed that the facts giving rise to the competing claims of the parties are, in all material respects, undisputed and that disposition by summary judgment is appropriate. On September 10, 1973, the Chemical Bank held two mortgages on the Equinox House and instituted an action in the Bennington Superior Court to foreclose on the mortgages. *Chemical Bank v. The Equinox House, Inc.*, Civil No. C–94–73–BC (Benn.Sup.Ct. filed Sept. 10, 1973). All other lienholders, at the date of filing suit, were joined as defendants to the foreclosure proceeding. Under the law of Vermont, persons acquiring a lien on the property, subsequent to the date suit was properly filed, are deemed to have notice of the pendency of the action, by the filing of the complaint in the town clerk's office of the town where the mortgaged property is located (in this instance, Manchester, Vermont).[1] The Internal Revenue Service filed a notice of tax lien against the Equinox House, Inc., in the office of the town clerk of Manchester, Vermont, on September 18, 1973.[2]

The Federal Tax Lien Act of 1966 made provision in the Internal Revenue Code for the United States to intervene in a civil action, to which it was not otherwise a party, to assert a tax lien arising on the property which is the subject of the action. Upon such an intervention, the provisions of 28 U.S.C. §§ 1444 and 2410 (except subsection b) shall apply as if the United States had been named a defendant in the action. If the application to intervene is denied, the adjudication in the civil action shall have no effect on the federal lien.[3] The Government did not intervene in the suit brought by the Chemical Bank in Bennington Superior Court.

A judgment order of foreclosure was entered on February 11, 1974, by the Bennington Superior Court and the various lienors were assigned particular periods for redemption. On June 12, 1974, the plaintiff, having been assigned the right of redemption of a creditor, Sports Investors, Inc., timely redeemed the property by paying $1,281,045.54 to the deputy clerk of the Superior Court for the benefit of the Chemical Bank.

Several months later the Internal Revenue Service posted notice of public sale of the Equinox House, contending that the earlier judgment order of foreclosure did not discharge its lien against the property for taxes owed by the Equinox House, Inc. At the request of the plaintiff, the public sale was postponed so that discussions could be conducted with

1. 12 V.S.A. § 4523 provides in part:

   (b) The plaintiff shall file a copy of the complaint in the town clerk's office in each town where the mortgaged property is located. The clerk of the town shall minute on the margin of the record of the mortgage that a copy of foreclosure proceedings on the mortgage is filed. The filing shall be sufficient notice of the pendency of the action to all persons who acquire any interest or lien on the mortgaged premises between the dates of filing the copy of foreclosure and the recording of the final judgment in the proceedings. Without further notice or service, those persons shall be bound by the judgment entered in the cause and be foreclosed from all rights or equity in the premises as completely as though they had been parties in the original action.

2. Similar filings were made by the Internal Revenue Service in the Manchester town

clerk's office on December 7, 1973, and March 29, 1974.

3. 26 U.S.C. § 7424 (1970):

   If the United States is not a party to a civil action or suit, the United States may intervene in such action or suit to assert any lien arising under this title on the property which is the subject of such action or suit. The provisions of section 2410 of title 28 of the United States Code (except subsection (b)) and of section 1444 of title 28 of the United States Code shall apply in any case in which the United States intervenes as if the United States had originally been named a defendant in such action or suit. In any case in which the application of the United States to intervene is denied, the adjudication in such civil action or suit shall have no effect upon such lien.

the Internal Revenue Service regarding the parties respective rights in the property. The discussions were of no avail to the plaintiff and this action ensued.

The case is presently before the court on cross motions for summary judgment. Since there are no material issues of fact at issue and the only question before us is the proper application of 26 U.S.C. § 7425 (1970) to the facts, summary judgment is an appropriate vehicle for disposition of the action.

The single question presented is whether the provisions of 26 U.S.C. § 7425(a) control, in which case the federal tax lien has been discharged; or whether 26 U.S.C. § 7425(b) governs and the Government's lien remains undisturbed. The text of the statute appears in the margin.[4]

Prior to the Tax Lien Act of 1966,[5] the federal government was confronted with the problem of having its junior tax liens discharged on the foreclosure of senior liens without having had notice of the proceedings. Such foreclosures occurred either in a plenary judicial action or by nonjudicial foreclosure, as for example the execution of a power of sale contained in a senior security instrument. In cases where the interests of a junior lienor could be eliminated without notice, the government was prevented from taking steps to protect its interests in collection of revenues. See S.Rep.No. 1708, 89th Cong., 2d Sess. (1966), 1966 U.S.Code Cong. & Admin.News 3722.

For this reason, the Tax Lien Act of 1966 added provisions to the Internal Revenue Code designed to protect the United States, where it is a junior lienholder, from having its lien extinguished without having had notice of judicial and nonjudicial foreclosure proceedings. *Id.* These provisions supplement 28 U.S.C. § 2410(a) by providing a uniform set of federal rules for determining the effect of such foreclosure proceedings upon a junior tax lien.

The first of these rules, 26 U.S.C. § 7425(a) (appearing at note 4) applies where the United States is not joined as a party and there is a judgment in a civil action, as described in 28 U.S.C. § 2410(a) or a sale pursuant to such a

---

**4.** In pertinent part 26 U.S.C. § 7425(a) and (b) read:

(a) *Judicial proceedings.*—If the United States is not joined as a party, a judgment in any civil action or suit described in subsection (a) of section 2410 of title 28 of the United States Code, or a judicial sale pursuant to such a judgment, with respect to property on which the United States has or claims a lien under the provisions of this title—

(1) shall be made subject to and without disturbing the lien of the United States, if notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced, or

(2) shall have the same effect with respect to the discharge or divestment of such lien of the United States as may be provided with respect to such matters by the local law of the place where such property is situated, if no notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced or if the law makes no provision for such filing.

If a judicial sale of property pursuant to a judgment in any civil action or suit to which the United States is not a party discharges a lien of the United States arising under the provisions of this title, the United States may claim, with the same priority as its lien had against the property sold, the proceeds (exclusive of costs) of such sale at any time before the distribution of such proceeds is ordered.

(b) *Other sales.*—Notwithstanding subsection (a) a sale of property on which the United States has or claims a lien, or a title derived from enforcement of a lien, under the provisions of this title, made pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or pursuant to a nonjudicial sale under a statutory lien on such property—

(1) shall, except as otherwise provided, be made subject to and without disturbing such lien or title, if notice of such lien was filed or such title recorded in the place provided by law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1);

**5.** Act of November 2, 1966, Pub.L.No. 89–719, Titles I, II, 80 Stat. 1140–41, 1147.

judgment. The effect of such a judgment or judicial sale depends upon whether or not a notice of the federal tax lien has been filed before the action was commenced. If the notice has been filed, the judgment or judicial sale is made subject to the federal tax lien. If the notice has not been filed prior to the commencement of the action, the judgment or judicial sale has the same effect with regard to discharge of the tax lien as is provided by local law.

The effect of nonjudicial sale of property, on which the United States claims a lien, is governed by the subsection which follows, 26 U.S.C. § 7425(b). The effect of a nonjudicial sale depends upon whether proper notice of sale is given the government. It is undisputed here that the notice of sale, required by section 7425(b), was not given the government prior to plaintiff's redemption of the Equinox House on June 12, 1974.

The predicate of the position taken by the United States to a dominant priority is that section 7425(b) controls this case, since the plaintiff's title was obtained by a strict foreclosure proceeding in *Chemical Bank v. The Equinox House, Inc.*, *supra*, and hence not a judicial proceeding within the provisions of section 7425(a). The defendant goes on to advance the contention that a judicial proceeding discharging a federal tax lien must be brought in the manner prescribed by 28 U.S.C. § 2410. This section provides that in actions to quiet title or foreclose a mortgage on property on which the United States claims a lien, the judgment

shall have the same effect respecting the discharge of the property from the

mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale.

Since there was no "judicial sale" involved in the decree of foreclosure of the Bennington Superior Court, and no notice of the redemption by the plaintiff, the Government contends its tax lien is not disturbed by the foreclosure and the plaintiff's interest is subject to the tax lien under section 7425(b).[6]

This reasoning obscures the fact that the United States had notice of the foreclosure action, yet it did not intervene in the state foreclosure action as it could have done by resort to 26 U.S.C. § 7424.

Had the federal taxing authority intervened under this provision of the federal statutes, its rights could have been fully and adequately protected, including the right to a judicial sale by virtue of 28 U.S.C. § 2410 and the applicable law of Vermont that is specifically designed, as a strict foreclosure exception, to protect federal interests in property that are subject to foreclosure. 12 V.S.A. § 4531 (Added 1973, No. 47 § 1. eff. April 12, 1973).[7] It appears that the defendant, having elected not to avail itself of the protection afforded by both state and federal statutes, seeks to avoid any adverse effect of the plaintiff's senior interest adjudicated in the state proceedings. Section 7424 provides that the state adjudication is to be thwarted where the United States has made application to intervene and its application

---

**6.** In support of the Government's position that Section 7425(b) controls this case, it contends that Treas.Reg. § 400.4–1(b)(2) Example (3) (1968), an illustration of a foreclosure procedure that should be considered a "nonjudicial sale" under Section 7425(b), is applicable here. Since the example relied on involves foreclosure under a certificate of entry, rather than foreclosure pursuant to a judicial proceeding, we view it as being inapposite to this proceeding.

**7.** 12 V.S.A. § 4531 provides:

In an action for foreclosure, if a lien or interest in such realty is held by any person or federal agency which may not be foreclosed by strict foreclosure pursuant to federal law, a decree may be entered providing for such period of redemption as the court may determine, and providing for sale of the mortgaged premises at the conclusion of such period if said premises are not redeemed . . . .

has been denied. 26 U.S.C. § 7424. Such is not the case presented here.

Quite clearly, had the defendant intervened, its interest as a junior lienor would have been established with the correlative right to a judicial sale of the subject property. Having ignored the provisions designed to protect those interests, it cannot now gain a position of ascendancy which would override the plaintiff's redemption of the property in a proceeding in which the defendant elected not to enter. In the context of the present record, the initiative was cast upon the United States. It cannot complain that it was not made a party to the foreclosure proceedings in the state court, for at the time the action was begun the Government had not asserted its lien.

The defendant contends that as a result of the Congressional changes made in 1966, a federal tax lien may be discharged or diverted under local law only in the manner prescribed in 28 U.S.C. § 2410 or 26 U.S.C. § 7425. However, the 1966 Amendment invoked the provisions of Section 2410—"in any case in which the United States intervenes as if the United States had originally been named a defendant." 26 U.S.C. § 7424. The provisions of Section 2410 are not invoked nor applicable, since the defendant did not seek to intervene.

The provisions of 26 U.S.C. § 7425(a) relate to sales resulting from plenary judicial proceedings in which the United States is not joined as a party. The pendency of judicial proceedings, in which the United States is not joined, provides a vehicle for the Government to intervene to protect its interest, as provided in 26 U.S.C. § 7424, if it elects to do so. Subsection (b) of 7425 applies in cases where the sale of the subject property is made outside the framework of plenary judicial action. Here the plaintiff's redemption of the mortgaged property was accomplished in response to the judgment of foreclosure entered in the state proceedings.

This case does not present a situation for which the Tax Lien Act of 1966 was designed to afford the defendant protection. As stated above, the Congressional purpose in the enactment was to prevent the discharge of subsequent and subordinate federal tax liens without notice to the federal taxing authority. Here the United States had, at the least, constructive notice pursuant to 12 V.S.A. § 4523(b). The defendant is not only seeking a second opportunity to collect its delinquent taxes, but seeks to achieve an advantage superior to that available had it sought intervention. The language and intent of section 7425(a) indicate that if notice of the federal tax lien has not been filed at the commencement of a state foreclosure proceeding, in which the government is not a party, the judgment in that proceeding discharges a junior federal tax lien, if state law so provides, whether or not the federal lien is later perfected. *See United States v. Von Cseh*, 354 F.Supp. 315, 319 (S.D.Tex. 1972).

The United States has not been denied the opportunity to protect its interest in the Equinox House. Having chosen not to intervene in the state foreclosure action under 26 U.S.C. § 7424, its lien against the property was discharged by the judgment in the state action. 26 U.S.C. § 7425(a)(2). *See* S.Rep.No. 1708, 89th Cong., 2d Sess. (1966), 1966 U.S. Code Cong. & Admin.News 3722.

It is ordered: *The defendant's motion for summary judgment must be denied; the plaintiff's motion for summary judgment is granted. The Clerk is directed to enter an order accordingly.*