Francesco GALESI, Plaintiff-Appellee,

v.

UNITED STATES of America and
Internal Revenue Service,
Defendants-Appellants.

No. 18, Docket 76–6055.

United States Court of Appeals,
Second Circuit.

Argued Sept. 27, 1976.

Decided Oct. 28, 1976.

*was done by Martin Lyons, or by unknown
persons, providing that the exporting was
unlawful and done without a license.*

Carleton D. Powell, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Scott P. Crampton, Asst. Atty. Gen.; Gilbert E. Andrews and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D.C., and George W. F. Cook, U. S. Atty., Rutland, Vt. on the brief), for defendants-appellants.

R. Marshall Witten, Bennington, Vt. (Witten & Carter, Bennington, Vt.), for plaintiff-appellee.

Before WATERMAN, VAN GRAAFEILAND, Circuit Judges, and MOTLEY,* District Judge.

PER CURIAM:

The judgment below is affirmed on the opinion of Chief Judge Holden below.

VAN GRAAFEILAND, Circuit Judge (dissenting):

The issues in this action are quite simple. In a Vermont "strict" foreclosure action seeking solely to cut off the mortgagor's equity of redemption, does the judgment of foreclosure discharge a federal tax lien filed after the commencement of the action but prior to the judgment if the federal government has not been made a party.

26 U.S.C. § 7425(a), read in conjunction with 28 U.S.C. § 2410(a), provides in substance that if the United States is not joined as a party in an action for the foreclosure of a mortgage, a judgment in such action or a judicial sale pursuant to such judgment shall be subject to a tax lien of the United States if notice of such lien was filed prior to the commencement of the action and shall have the same effect with respect to the discharge of an unfiled tax lien as it would with respect to other unfiled liens under local law. § 2410(c) provides that "[a]n action to foreclose a mortgage or other lien, naming the United States as a party under this section, must

* Of the Southern District of New York, sitting by designation.

seek judicial sale." The purpose of this section was to lift the bar of sovereign immunity, *United States v. Brosnan,* 363 U.S. 237, 246, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960), and it should therefore be strictly construed. *Haggard v. Lancaster,* 320 F.Supp. 1252, 1254 (N.D. Miss.1970).

Because §§ 7425 and 2410 are interrelated, I therefore construe the provisions of § 7425(a) to apply only to a mortgage foreclosure action looking toward the judicial sale of the mortgaged property. Support for this construction is found in the final paragraph of subsection (a) which provides that if a judicial sale is held in an action in which the government's lien has been discharged, the lien will attach to the proceeds of the sale.

For the foregoing reasons, I respectfully dissent.