**PEOPLE OF THE STATE OF
ILLINOIS, Plaintiff,**

v.

**$31,990.00, $500.00 and one 1974 Audi
Automobile, VIN 8141085482,
Defendants.**

No. 88 C 1158.

United States District Court,
N.D. Illinois, E.D.

Jan. 25, 1989.

Stephen M. Komie, Komie and Associates, Chicago, Ill., for claimant, James Montgomery.

John Roe, Asst. State's Atty., Office of the State's Atty., Chicago, Ill., for plaintiff.

Joseph Cammarata, U.S. Dept. of Justice, Tax Div., Washington, D.C., William T. Clabault, Asst. U.S. Atty., U.S. Dept. of Justice, Chicago, Ill., for defendants.

## ORDER

ALESIA, District Judge.

This case comes before this Court on claimant James D. Montgomery's ("Montgomery") motion to remand. Because the history of this case is important to the resolution of Montgomery's motion to remand, we briefly set forth the facts surrounding the state action.

On June 7, 1982, Douglas Monroe ("Monroe") and other defendants were arrested and charged with various drug-related offenses. Pursuant to Illinois law, the State of Illinois ("the State") confiscated certain items of personal property. On June 9, 1982, Monroe retained Montgomery to represent him and executed an assignment of $20,000 of the confiscated assets for attorneys' fees. On June 9, 1982, Montgomery mailed notice of the assignment to the Chicago Police Department. On June 11, 1982, the Internal Revenue Service ("IRS") served a levy notice on the Chicago Police Department in the amount of $10,681.84. The IRS recorded notice of the tax lien on June 18, 1982. On September 1, 1982, the State filed a forfeiture action, namely *People v. $31,900, $500 and 1974 Audi Automobile*, No. 82–M1–001775 ("the state action"). On January 13, 1988, the State dismissed the state action. Pursuant to the order of dismissal, the state court awarded Montgomery attorneys' fees in the amount of $20,000 and forfeited the remainder of the confiscated property to the Illinois Department of Law Enforcement.

On January 27, 1988, the United States moved to intervene by way of a supplemental proceeding in the state action for the first time. The state court allowed the United States' motion. Thereafter, the United States removed the state action to federal court. Pursuant to 28 U.S.C.

**166**

§ 1447(c), Montgomery moved to remand this action. The State has indicated that it neither joins in nor opposes the motion to remand. The United States opposes the motion to remand. For the reasons set forth in this order, Montgomery's motion for remand is granted.

In opposing the motion for remand, the United States directs this Court's attention to 26 U.S.C. § 7424. In relevant part, section 7424 provides that the "United States may intervene in [any] action or suit to assert any lien arising under [Title 26] on the property which is the subject of such action or suit. The provisions of section 2410 of title 28 of the United States Code ... and of section 1444 of title 28 of the United States Code shall apply in any case in which the United States intervenes as if the United States had originally been named a defendant in such action or suit." In effect, the United States argues that its intervention in the supplemental proceedings of the state action allows the United States to remove the action without regard to events which have transpired in the state action prior to the date on which the United States intervened. We do not agree with this position.

 The United States could have intervened and asserted any rights it held during the pendency of the state action. The United States did not do so until after the confiscated property was awarded to Montgomery and forfeited to the Illinois Department of Law Enforcement. For whatever reason, the United States failed to protect whatever interest it had[1] while the state action was pending. It cannot use a supplemental proceeding to now protect such interests. *See, e.g., Galesi v.*

---

1. The State argues that the United States' intervention cannot affect the January 13, 1988 judgment of forfeiture because the federal tax lien is subservient to the State's claim by operation of 26 U.S.C. § 6323(i)(3). We agree.

For the record, we note that by operation of 26 U.S.C. § 6323(b)(8), the United States' tax lien is not valid against Montgomery's attorneys' lien. *See* 26 U.S.C. § 6323(b)(8); *see also, McKee–Berger Mansueto, Inc. v. Board of Education of the City of Chicago,* 691 F.2d 828, 832–33 (7th Cir. 1982). In accordance with the requirements of Ill.Rev.Stat. ch. 13, ¶ 14, Montgomery perfected his attorneys' lien by sending written notice to

*United States,* 406 F.Supp. 623, 626–27 (D.Ver.), *affirmed,* 544 F.2d 606 (2d Cir. 1976).

Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court remands this case to the Circuit Court of Cook County, Illinois, First Municipal District.

IT IS SO ORDERED.

---

the Chicago Police Department, the "person" against whom Monroe had a claim. Although the language of the statute suggests that service of the notice "may be made by registered or certified mail", Montgomery served notice pursuant to Ill.Rev.Stat. ch. 1, ¶ 1026. Because the language of the attorneys' lien statute regarding the mode of service is permissive rather than mandatory, Montgomery's service of notice pursuant to Ill.Rev.Stat. ch. 1, ¶ 1026 does not render his attorneys' lien unperfected. Hence, it appears that the federal tax lien is subordinate to both the State's forfeiture rights and Montgomery's attorneys' lien.