**Thomas HALLMAN et al., Plaintiffs,**

v.

**Walter M. PHILLIPS, Jr., et al., Defendants.**

**Civ. A. No. 75–30.**

United States District Court, E. D. of Pennsylvania.

Jan. 21, 1976.

**424**

Jerome R. Richter, Salvatore J. Cucinotta, Philadelphia, Pa., for plaintiffs.

David J. Anderson, U. S. Dept. of Justice, Washington, D. C., Harry S. Tischler, Commonwealth of Pa., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

A. LEON HIGGINBOTHAM, District Judge.

This case comes before the Court on plaintiffs' motion to lift a stay imposed on these proceedings by the Court in an unreported memorandum order dated February 20, 1975. Prior to the imposition of that stay, the plaintiffs, who bring this suit as (1) federal taxpayers and as (2) defendants and/or "targets" of state criminal prosecutions and grand jury investigations, had sought a preliminary injunction restraining the United States Law Enforcement Assistance Administration ("LEAA") from supplying further federal funds to the Office of the Special Prosecutor headed by defendant Phillips, a deputy attorney general for the Commonwealth of Pennsylvania. In response, defendant Phillips and defendant Cooper, Regional Administrator of the LEAA, filed motions to dismiss or, in the alternative, for summary judgment. After consideration of plaintiffs' motion for a preliminary injunction and of defendants' motions to dismiss or for summary judgment, I determined that central to this action were two controverted issues of Pennsylvania law: (1) whether defendant Phillips's appointment as a deputy attorney general heading the Office of the Special Prosecutor for the Commonwealth of Pennsylvania was valid under Pennsylvania law; and

(2) whether defendant Phillips was conducting that office in accordance with relevant Pennsylvania law. Since those issues were already being litigated in the Commonwealth Court of Pennsylvania, and since I believed that it would be singularly inappropriate for a federal court to decide those issues before the Pennsylvania courts had ruled authoritatively on them, I stayed all proceedings in this action pending the outcome of the litigation then before the Pennsylvania courts. Subsequently, the Commonwealth Court concluded that defendant Phillips's appointment was valid. *Gwinn v. Kane*, 19 Pa.Cmwlth. 243, 339 A.2d 838 (1975). The Supreme Court of Pennsylvania affirmed by an order dated July 7, 1975, and later filed an opinion stating the reasons for its affirmance. *Gwinn v. Kane*, Pa., 348 A.2d 900 (1975). Plaintiffs now move this Court to lift the aforementioned stay, arguing that the issues of state law on which the stay was originally based have been adjudicated by the state courts. Defendants oppose the lifting of the stay, contending that the funding of the Special Prosecutor's Office is under continuing attack in Pennsylvania courts. In the alternative, should the stay be lifted, defendants renew their motions for dismissal or summary judgment. For reasons that will hereinafter appear, I have concluded that the stay should be lifted and that defendants are entitled to an order dismissing plaintiffs' complaint.

### LEGAL DISCUSSION

1. Lifting the Stay

As noted above, the defendants base their opposition to lifting the stay on the ground that litigation continues in the state courts over the status of the Office of the Special Prosecutor and over its funding by the Commonwealth of Pennsylvania. See, e. g., Doc. # 71 at 2; Doc. # 72 at 2–3. Specifically, defendants Phillips and Kane point to three pending state court cases, one in the Commonwealth Court, *Myers v. Kane*, Misc. Dkt. No. 186, C.P.1975, and two in the Superior Court, *Appeal of Tracey Service Co.*, No. 354, October Term, 1976, and *Appeal of Alvin Pearlman*, No. 52, October Term, 1976. According to the instant defendants, the issues in all three of these pending state court cases are identical. Doc. # 72 at 3.

I have read carefully the complaint in *Myers v. Kane, supra*.[1] In substance, it alleges that the Governor's Justice Commission, in allocating funds to the Special Prosecutor for Philadelphia County, does not intend to follow either its own regulations or the guidelines promulgated by LEAA. As I construe that complaint, it does not raise any of the issues presented by the instant case. Indeed, the Governor's Justice Commission, against which equitable relief is sought in the Commonwealth Court action, is not even a party here. Thus, the pending cases upon which defendants rely for their opposition to lifting the stay do not in fact support defendants' position. Moreover, plaintiffs correctly point out that the central issue of state law that was unresolved at the time of my February 20, 1975 order—the validity of defendant Phillips's appointment—has since been authoritatively settled by the decision of the Pennsylvania Supreme Court in *Gwinn v. Kane, supra*.[2] In the light of all the circumstances, then, I see no good reason to continue the stay entered on February 20, 1975.[3] An appropriate order will be

---

1. A copy of the complaint is appended to the brief of defendants Phillips and Kane, Doc. # 72.

2. Indeed, the Supreme Court of Pennsylvania suggested in its November 26, 1975 opinion that complaints about alleged improprieties in LEAA's funding of the Office of the Special Prosecutor "would be more properly addressed to the LEAA, as the agency primarily concerned, and, perhaps, the federal courts."

*Gwinn v. Kane*, supra, Pa., 348 A.2d 900, at 908 (footnote omitted).

3. Common sense counsels this conclusion as well. It would appear that if this case were stayed pending the resolution of *all* the state law issues generated by the existence of the Office of the Special Prosecutor, the instant litigants might never receive a decision from this court.

entered. I turn now to a consideration of defendants' motions to dismiss or, in the alternative, for summary judgment.

## 2. Taxpayer Standing

■ The instant plaintiffs sue in two capacities: (1) as federal taxpayers; and (2) as state criminal defendants and/or "targets" of state criminal investigations. The instant defendants contend that the plaintiffs do not have standing to sue in either of those capacities. As will subsequently appear, I need not, and do not, reach the issue of plaintiffs' standing to sue insofar as they are objects of state criminal prosecutions or investigations. It is clear, however, that plaintiffs' status as federal taxpayers does not confer on them standing to bring this action.

■ In *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), the Supreme Court held that under certain limited circumstances a taxpayer could supply the personal stake essential to standing. Those circumstances exist when a taxpayer can show "a logical nexus between the status asserted and the claim sought to be adjudicated." 392 U.S. at 102, 88 S.Ct. at 1953, 20 L.Ed.2d at 963. In *Flast* itself, that nexus was established by the taxpayer's challenge to an exercise of Congressional power under the taxing and spending clause of Art. 1, § 8 on the ground that the challenged Congressional enactment exceeded a specific constitutional limitation on Congress's power to tax and spend. Id. at 102–03, 88 S.Ct. at 1954, 20 L.Ed.2d at 963. Subsequent Supreme Court decisions have made it clear that taxpayer standing does not exist unless there is, as there was in *Flast*, a challenge to an exercise of Congress's taxing and spending power. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 226, 94 S.Ct. 2925, 2935, 41 L.Ed.2d 706, 721 (1974); *United States v. Richardson*, 418 U.S. 166, 173, 94 S.Ct. 2940, 2945, 41 L.Ed.2d 678, 686 (1974). In the instant case, where plaintiffs do not attack a Congressional enactment in their capacity as taxpayers, but rather challenge an action of the Executive Branch —LEAA's funding of the Office of the Special Prosecutor—they have clearly failed to satisfy the "logical nexus" test established by *Flast*. *Schlesinger v. Reservists Committee to Stop the War, supra*, 418 U.S. at 226, 94 S.Ct. at 2935, 41 L.Ed.2d at 721; see *United States v. Richardson, supra*, 418 U.S. at 175, 94 S.Ct. at 2946–47, 41 L.Ed.2d at 687. Plaintiffs therefore cannot maintain this action in their capacity as federal taxpayers.

## 3. Irreparable Injury

■ The other capacity in which plaintiffs sue is their status as state criminal defendants and/or "targets" of state criminal investigations. This status, however, does not entitle them to the only relief they seek, an injunction against further LEAA funding of the Office of the Special Prosecutor. One of the traditional prerequisites for obtaining an injunction is the threat of irreparable injury. *United States v. American Friends Service Committee*, 419 U.S. 7, 10, 95 S.Ct. 13, 15, 42 L.Ed.2d 7, 12 (1974) (per curiam); *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 679, 38 L.Ed.2d 674, 687 (1974); *Commonwealth of Pennsylvania ex rel. Creamer v. U. S. Department of Agriculture*, 469 F.2d 1387, 1388 n. 1 (3d Cir. 1972). Though the instant plaintiffs assert that they will be irreparably harmed if LEAA continues to fund the Office of the Special Prosecutor, it is clear that this assertion, which is contingent on their status as the objects of state criminal prosecutions or investigations, does not satisfy the requirement of irreparable injury. As the Supreme Court explained in *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669, 676 (1971), "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [can] not by themselves be considered 'irreparable' in the special legal

sense of that term."[4] Since the instant plaintiffs allege an injury that is not "irreparable" under the applicable case law, their request for injunctive relief must be denied.

## CONCLUSION

Insofar as the instant plaintiffs bring this action in their capacity as federal taxpayers, they lack standing to sue. Insofar as they sue in their capacity as state criminal defendants and/or "targets" of state grand jury investigations, they are not threatened with irreparable injury and therefore are not entitled to injunctive relief. In neither capacity have they stated a claim upon which relief can be granted. Accordingly, their motion for a preliminary injunction must be denied, defendants' motions to dismiss must be granted, and plaintiffs' complaint must be dismissed with prejudice. An appropriate order will be entered.

This opinion constitutes the Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

---

4. I am well aware that in *Younger* and in many of the cases the Court there relied on, the federal courts had been asked to intervene directly in state criminal prosecutions. That, of course, is not the case here. Nevertheless, the Court was careful to place its discussion of irreparable injury in the context of traditional principles governing the exercise of jurisdiction by courts of equity. Since the same principles control the granting or withholding of declaratory relief, *Samuels v. Mackell*, 401 U.S. 66, 70, 91 S.Ct. 764, 766, 27 L.Ed.2d 688, 692 (1971), the instant plaintiffs are not entitled to a declaratory judgment in their favor either.