ROBERT GERALD RANDALL, II and LINDA P. RANDALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randall v. Commissioner
Docket No. 15827-79.
United States Tax Court
T.C. Memo 1981-130; 1981 Tax Ct. Memo LEXIS 612; 41 T.C.M. (CCH) 1126; T.C.M. (RIA) 81130; March 23, 1981. Robert Gerald Randall, II and Linda P. Randall, pro se. Bettie N. Ricca, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1977 in the amount of $ 603.86. The only issue for decision is whether petitioners are entitled to a "conscientious objector tax credit" of $ 603.86. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Atlanta, Georgia at the time of the filing of their petition, filed a joint Federal income tax return for the calendar year 1977. Petitioners' Federal income tax return on line 35 shows a tax as computed on Schedule TC of $ 945.46. On line 45 petitioners claimed a tax credit of $ 603.86 referred to as "Conscientious Objector Tax Credit, "showing a *613 balance of tax due of $ 341.60. Attached to petitioners' return was a letter from Robert G. Randall (petitioner) in which he stated that on March 27, 1971, he was declared a conscientious objector under the Selective Service Act and classified as "1-O." He further stated that because of his religious beliefs he had a conscientious objection to paying "war taxes" and therefore had claimed a conscientious objector tax credit of $ 603,86, which is 63.87 percent of the taxes which he and his wife would otherwise owe. In his letter petitioner stated that 63.87 percent of the taxes reported by him and his wife is that percentage of their adjusted gross income which he had earned. Respondent in his notice of deficiency disallowed the claimed conscientious objector tax credit of $ 603.86 and determined this amount to be a deficiency in petitioners' income tax. Petitioner in his brief argues that it is a violation of his rights under the First Amendment to the Constitution to require him to pay an income tax some of which is used by the Government for purchase of armaments and maintaining of military forces. Hie position is that there is no distinction in requiring him to participate *614 in combat and requiring him to pay taxes which are used to purchase armaments for combat. This Court has on a number of occasions held that the provisions of the First Amendment guaranteeing to individuals religious freedom does not give to such individuals an immunity from paying income taxes which are used in part for war or preparation for war. See Muste v. Commissioner, 35 T.C. 913 (1961); Russell v. Commissioner, 60 T.C. 942 (1973). In the Muste and Russell cases we pointed out holdings of a number of other courts expressing similar views. See Russell v. Commissioner, supra at 945-946. In those cases we discussed all of the cases cited to us by petitioner except the case of American Friends Service Committee v. United States, 368 F.Supp. 1176 (E.D. Pa. 1973), revd. in part 419 U.S. 7 (1974). The American Friends Service Committee case involved a contention by two taxpayers that taxes should not be withheld from funds paid to them because of their religious beliefs. That case was one in which the taxpayers were seeking an injunction against withholding of taxes from payments to *615 them. The district court held that under the First Amendment to the Constitution the injunction should be granted even though the Government could later assess and collect the taxes owed by the taxpayers. The Supreme Court reversed the holding of the district court on the ground that the injunction should not have been granted under the provisions of section 7421(a) of the Internal Revenue Code prohibiting the enjoining of collection of taxes. The Supreme Court further rejected the taxpayers' argument that section 7421(a) was not applicable to them because they had no alternative legal remedy available. The taxpayers who were seeking the injunction admitted that the taxes were due and contended that they would therefore lose in any refund action. In conclusion, the Supreme Court stated (at 11): Even though the remitting of the employees to a refund action may frustrate their chosen method of bearing witness to their religious convictions, a chosen method which they insist is constitutionally protected, the bar of the Anti-Injunction Act is not removed * * *. There is nothing in the holding in the American Friends Service Committee case to support *616 petitioners' position in this case. Decision will be entered for the respondent.