641 F.2d 721
 81-1 USTC P 9335, 2 Employee Benefits Ca 1295
 The STATE OF CALIFORNIA By and Through George DEUKMEJIAN,
Attorney General on behalf of the People of the
State of California, Plaintiff-Appellant
and Cross-Appellee,
v.
The Honorable Donald T. REGAN,* Secretary of the
Treasury of the United States, Defendant-Appellee
and Cross-Appellant.
 Nos. 78-3577/78-3738.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 14, 1980.
Decided April 6, 1981.
 
 William J. Power, Deputy Atty. Gen., Sacramento, Cal., for State of cal.
 Michael J. Roach, Washington, D.C., argued, for defendant-appellee and cross-appellant; M. Carr Ferguson, Asst. Atty. Gen., Washington, D.C., on brief.
 Appeal from the United States District Court for the Eastern District of California.
 Before SKOPIL and POOLE, Circuit Judges and TAKASUGI,** District judge.
 SKOPIL, Circuit Judge:
 
 INTRODUCTION
 
 1
 California sought declaratory and injunctive relief from the requirement that it file an annual information return with the Internal Revenue Service ("IRS") pursuant to the Employee Retirement Income Security Act ("ERISA") provision governing employee pension benefit plans. 26 U.S.C. § 6058(a). California argued that Congress did not intend for ERISA to apply to governmental plans, and that if Congress did so intend, that application violates the tenth amendment.
 
 
 2
 The IRS argued that California's claim was barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and by the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. The IRS also disputed California's claim on the merits.
 
 
 3
 The district court held that it had jurisdiction to consider only California's claim for declaratory relief. California ex rel. Younger v. Blumenthal, 457 F.Supp. 1309 (E.D.Cal.1978). It held that ERISA did apply to California's pension benefit plan, and that such application was not contrary to the tenth amendment. 457 F.Supp. at 1318.
 
 
 4
 California appeals from the denial of relief. The IRS cross-appeals, claiming that the district court lacked jurisdiction to decide the request for declaratory relief. We reverse and remand with directions to dismiss for lack of jurisdiction.
 
 ISSUES
 
 5
 1. Did the district court err in assuming jurisdiction of California's claim for declaratory relief?
 
 
 6
 2. Did the district court err in holding that the reporting requirements of ERISA apply to California's employee pension benefit plan, and that such application does not violate the tenth amendment?
 
 DISCUSSION
 
 7
 I. Jurisdiction of the District Court.
 
 
 8
 The Declaratory Judgment Act provides, in pertinent part:
 
 
 9
 "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...."
 
 
 10
 28 U.S.C. § 2201.
 
 
 11
 The purpose of the federal tax exception to the Declaratory Judgment Act is to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference, and to require that disputes be resolved in a suit for refund. Bob Jones University v. Simon, 416 U.S. 725, 736-37, 94 S.Ct. 2038, 2045-46, 40 L.Ed.2d 496 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).
 
 
 12
 The instant case involves a controversy with respect to federal taxes within the meaning of the Declaratory Judgment Act. The required information return includes data which allows the IRS to determine whether a pension plan is "qualified" under 26 U.S.C. § 401(a). 26 U.S.C. § 6058(a). A qualified plan confers favorable tax treatment on its beneficiaries. 26 U.S.C. § 402(a)(1). The filing requirement will have an impact on the assessment of federal taxes.
 
 
 13
 It is immaterial that the taxes which will be affected are not those of the petitioner, California. "(A) suit to enjoin the assessment or collection of anyone's taxes triggers the literal terms of (the Anti-Injunction Act, 26 U.S.C. § 7421(a))." Alexander v. "Americans United" Inc., 416 U.S. 752, 760, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974). The federal tax exception to the Declaratory Judgment Act is "at least as broad as the Anti-Injunction Act." Bob Jones University, 416 U.S. at 733 n.7, 94 S.Ct. at 2044 n.7. See Americans United, 416 U.S at 759 n.10, 94 S.Ct. at 2057 n.10. See also Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 4 (D.C. Cir. 1979), cert. denied, 446 U.S. 981, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980).
 
 
 14
 There are only two exceptions to the general rule barring declaratory relief in cases involving federal taxes. Bob Jones University, 416 U.S. at 742, 746, 94 S.Ct. at 2048, 2050; Investment Annuity, Inc., 609 F.2d at 5-7.
 
 
 15
 The first exists where the government could "under no circumstances" ultimately prevail and where the prerequisites for equity jurisdiction are met. Williams Packing, 370 U.S. at 7, 82 S.Ct. at 1129; Bob Jones University, 416 U.S. at 742-46, 94 S.Ct. at 2048-50; Investment Annuity, Inc., 609 F.2d at 5.
 
 
 16
 The second exists where "an aggrieved party has no access at all to judicial review." Bob Jones University, 416 U.S. at 746, 94 S.Ct. at 2050. See United States v. American Friends Service Committee, 419 U.S. 7, 11, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974); Investment Annuity, Inc., 609 F.2d at 6-7. The instant case fits within neither exception.
 
 
 17
 We cannot say that the government could under no circumstances ultimately prevail in this case. Indeed, the government did prevail in the district court. 457 F.Supp. at 1318.
 
 
 18
 California has access to judicial review. California can pay the penalty imposed by 26 U.S.C. § 6652(f) of $10 per day for each day of noncompliance, up to a maximum of $5,000. It can then sue for a refund of such penalties pursuant to 28 U.S.C. § 1346(a)(1).
 
 
 19
 Because we conclude that the district court lacked jurisdiction to adjudicate California's claim for declaratory relief, we do not consider the merits of that claim.
 
 CONCLUSION
 
 20
 The judgment appealed from is reversed and remanded with directions to dismiss the action for lack of jurisdiction.
 
 
 
 *
 The substitution of Secretary of the Treasury Donald T. Regan for former Secretary of the Treasury W. Michael Blumenthal is effected by Rule 43(c) of the Federal Rules of Appellate Procedure
 
 
 **
 Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation