Larry L. **WARINNER**, Plaintiff
and Appellant,

v.

**REPUBLIC AIRLINES, INC.; Kitty Essman, Payroll Manager; Dennis Foster, Section Manager; Walter E. Neilsen, Assistant Treasurer-Taxes,** Defendants and Appellees.

No. 13681.

Supreme Court of South Dakota.

Considered on Briefs Oct. 15, 1982.

Decided Dec. 15, 1982.

William A. Cohan, Denver, Colo., and Andrew B. Reid, Piedmont, for plaintiff and appellant.

Thomas W. Stanton of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendants and appellees.

Philip N. Hogen, U.S. Atty., Sioux Falls, and Glenn L. Archer, Jr., Asst. Atty. Gen., and Michael L. Paup, Carleton D. Powell, Larry Meuwissen, Dept. of Justice, Washington, D.C., for amicus curiae United States of America.

## ACTION

Appellant's petition requesting an injunction to forbid future withholding of federal income tax, recovery for past amounts withheld, and nominal damages of one dollar in silver was dismissed by the trial court's order of November 17, 1981. Appellant filed a notice of appeal to this Court on January 14, 1982. On March 12, 1982, pursuant to SDCL 15–26A–74, the United States of America was allowed to appear as *amicus curiae*. We affirm.

## FACTS

Appellant is a pilot employed by appellee earning approximately $80,000 per year. Pursuant to 26 U.S.C. § 3402, appellee regularly withheld a portion of appellant's salary and remitted such to the Internal Revenue Service (IRS). On October 26, 1980, appellant filed IRS Form W–4 claiming 99 exemptions. Later, on February 4, 1981, appellant filed an affidavit stating that he was exempt from withholding. As required by Treasury Regulation § 31.3402(f)(2)–1(g), appellee reported appellant's W–4 exemptions and affidavit to the IRS.

Appellee was then instructed by the IRS, under authority of Treasury Regulation § 31.3402(f)(2)–1(g), to disregard appellant's Form W–4, and to withhold from appellant's wages an amount as if he were single and claiming no exemptions. Thereafter, on March 10, 1981, appellee began compliance with the IRS directive. Thereupon, appellant filed a petition against appellee on August 21, 1981. Appellee coun-

tered with a motion to dismiss on September 23, 1981, alleging that appellant failed to join the United States of America, an indispensable party; the trial court lacked jurisdiction to hear the matter; and appellant's petition failed to state a claim upon which relief could be granted.

Appellee's motion to dismiss was granted by the trial court pursuant to SDCL 15–6–19(b), namely that: 1) the United States was a necessary party which had not been joined; 2) that appellant had an adequate remedy at law in Section 7422 of the Internal Revenue Code (26 U.S.C.); and 3) appellant's claimed injury was not irreparable. Appellant now appeals urging we reverse the trial court's ruling and accompany same with a remand to issue an injunction. We decline to do so.

## ISSUES

### I.

IS THE UNITED STATES OF AMERICA AN INDISPENSABLE PARTY TO THIS ACTION PURSUANT TO SDCL 15–6–19(b)? WE HOLD THAT IT IS.

### II.

DOES 26 U.S.C. § 7421, THE ANTI-INJUNCTION ACT, PROHIBIT APPELLANT'S REQUEST FOR AN INJUNCTION AGAINST APPELLEE? WE HOLD THAT IT DOES.

## DECISION

### I.

■ Relevant statutory authority on this issue is provided in SDCL 15–6–19(a) which reads in part:

A person who is subject to service of process shall be joined as a party in the action if

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

Appellant has not joined the United States of America as a party litigant and the United States of America has refused to waive sovereign immunity or intervene. Treasury Regulation § 31.3403–1 provides, "Every employer required to deduct and withhold the tax under § 3402 from the wages of an employee is liable for the payment of such tax whether or not it is collected from the employee by the employer." Appellee explains that it serves merely as a conduit, and that the real target of appellant's action should be the United States.

Indeed, appellee airline is placed in a perilous position by this litigation. If appellee is ordered to stop withholding from appellant's wages, appellee would, as the United States observes, be liable to the United States for such amounts. Appellant's petition, stemming from his disdain for the withholding system, has paradoxically involved appellee simply because it has obeyed federal laws. Therefore, in the absence of the United States as a party litigant, appellee runs a "substantial risk of incurring double, multiple or otherwise inconsistent obligations." SDCL 15–6–19(a).

Appellant relies on *Galesi v. United States,* 406 F.Supp. 623 (U.S.D.C.Vt.1976), *aff'd per curiam,* 544 F.2d 606 (2nd Cir. 1976) (Galesi), to dispute appellee's potential liability to the United States. *Galesi* is inapposite as it applies to a specialized statutory scheme dealing with liens.

Hypothetically, even if this Court decided that *Galesi* would insulate appellee from liability, "complete relief" cannot be accorded the parties without the United States as a party. In order to insure appellee protection under appellant's analysis of *Galesi,* the United States would have to be joined, for

without joinder, it is obvious that appellee would be open to a federal suit. Since the United States refuses to waive sovereign immunity,[1] SDCL 15–6–19(b) is applicable:

If a person as described in subdivisions (1) and (2) of § 15–6–19(a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be less-ened or avoided; third, whether a judg-ment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*See also, Shangreaux v. Westby,* 281 N.W.2d 590, 592 (S.D.1979). Appellee and amicus claim that equity and good con-science demand upholding the trial court's dismissal.

Authority for the validity of the United States and appellee's actions herein is found in *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982) (*Stoneci-pher*). In *Stonecipher,* appellant, an em-ployee, believed that he was exempt from withholding and brought a federal suit against his employer and the IRS for an injunction and damages. Appellant's claim was dismissed below for failure to state a cause of action. On appeal, appellant's ar-guments that the IRS did not have authori-ty to instruct employers to disregard incor-rect exemption forms were dismissed and the lower court was affirmed. *See also, Campbell v. Amax Coal Co.,* 610 F.2d 701 (10th Cir.1979).

*Stonecipher* is on all fours interpreting the federal substantive law applicable to the case at bar. Therefore, even if proce-durally appellant was allowed to proceed to suit against appellee, the following substan-tive language from *Stonecipher* would be dispositive:

Stonecipher's complaint further alleged that Bechtel breached his employment contract by withholding taxes from his wages. This argument is without merit. Stonecipher has not alleged that his em-ployment contract contained a provision requiring Bechtel to refrain from with-holding taxes from his paycheck. In the absence of any express provision to the contrary, we conclude that when an em-ployer withholds taxes from an employ-ee's wages and pays the employee the balance, the employer has discharged his contractual obligations. *See United States Fidelity & Guaranty Co. v. United States,* 201 F.2d 118, 120 (10th Cir.1952). Indeed, a contractual clause providing otherwise might very well be invalid as contrary to public policy.

653 F.2d at 403.

In conclusion, appellee is merely a con-duit, appellant's suit is misplaced, and equi-ty demands dismissal because the United States cannot be joined. Appellant's true quarrel is with the United States, not his employer.

## II.

■ Appellant alleges that appellee's compliance with the IRS directive of with-holding has deprived him of his due process right to litigate his tax liability in the tax court before he can be obligated to pay a tax. As support, appellee cites *Commission-er of Internal Revenue v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976) (*Shapiro*). In *Shapiro,* the Court held that an injunction may be obtained against the collection of any tax if (1) it is clear that under no circumstances could the govern-

---

1. However, the United States has consented to suit in United States District Court or the Unit-ed States Court of Claims. 28 U.S.C. § 1346(a). Since the United States has not consented to suit or waived sovereign immuni-ty for this action, the United States cannot be joined. *Stapleton v. $2,438,110,* 454 F.2d 1210, 1214–15 (3rd Cir.1972).

ment ultimately prevail and (2) equity jurisdiction otherwise exists in that the taxpayer shows that he would otherwise suffer irreparable injury. *Shapiro,* 424 U.S. at 627, 96 S.Ct. at 1070, 47 L.Ed.2d at 290. *Shapiro* further held that the IRS could not *levy* on or *seize* an alleged drug dealer's assets until he had an opportunity to litigate his tax liability, since to do so would bar his opportunity to exhaust administrative remedies.

Appellee does not dispute the test set forth in *Shapiro.* However, appellee asserts that appellant's action is barred by the Anti-Injunction Statute, because appellant cannot meet the *Shapiro* test. Amicus contends that appellant misreads *Shapiro* and that *United States v. American Friends Service Committee,* 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974) (*American Friends*), is on point. *American Friends* pointed out that, "The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that no suit for the purpose of restraining the *assessment or collection* of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." *American Friends,* 419 U.S. at 9, 95 S.Ct. at 14, 42 L.Ed.2d at 12 (emphasis supplied). The test in *Shapiro* is an exception to the Anti-Injunction Act. Therefore, this issue can be resolved without resort to the *Shapiro* exception.

However, as to appellant's *Shapiro* based contention that irreparable injury would be suffered on his behalf because his remedy at law is inadequate, the Court in *American Friends* pointed out that in withholding suits, such arguments fail because employees have a " 'full opportunity to litigate' their tax liability in a refund suit." *American Friends,* 419 U.S. at 10, 95 S.Ct. at 15, 42 L.Ed.2d at 13. *See also, Alexander v. "Americans United" Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). Appellant has thus failed to meet at least one requirement of the *Shapiro* exception.

The order of the trial court is affirmed.

All the Justices concur.