**Betty W. STEELE, Appellant,**

v.

**Secretary of the Treasury, Donald REGAN; Charles E. Roddy, District Director Internal Revenue Service, Appellees.**

**No. 84–1314.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1984.

Decided Feb. 26, 1985.

---

George C. Rawlings, Jr., Fredericksburg, Va. (Rawlings, Pruitt & Bieber, Fredericksburg, Va., on brief), for appellant.

Elaine F. Ferris, Tax Div., Dept. of Justice, Washington, D.C. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellees.

Before WIDENER and HALL, Circuit Judges, and MICHAEL, United States District Judge, Western District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

This is an appeal of an order of the district court dismissing a complaint filed by a taxpayer seeking to prevent the government from enforcing a federal tax lien against the taxpayer's property. The government filed a motion to dismiss the complaint under FRCP 12(b)(1) for lack of jurisdiction and, alternatively, under FRCP 12(b)(6) for failure to state a claim upon which relief could be granted. Without specifying which FRCP 12(b) provision it was basing its decision upon, the district court granted the government's motion to dismiss, from which this appeal is taken. While we agree that the complaint should have been dismissed, we remand to the district court with instructions to modify its order to dismiss the complaint for want of jurisdiction.

For the tax years at issue here, Betty W. Steele (taxpayer) was married to Jesse D. Steele. They filed no federal income tax returns for the years 1968 through 1978 and, as a result, became the subject of an Internal Revenue Service (IRS) investigation. On July 17, 1980, taxpayer and her husband co-signed a series of IRS Forms 4549 (Income Tax Examination Changes) in which they consented to the immediate assessment of income tax liability, and collection thereof, for the years 1968 through 1978. Moreover, by executing these forms, both taxpayer and her husband explicitly waived their right to appeal the deficiency determinations either within the IRS or to the Tax Court. In compliance with the terms of the consent forms, the IRS made income tax assessments against taxpayer and her husband for the tax years 1968 through 1977 in the total amount of $137,085.46. When the assessed taxes were not paid, the IRS in 1983 filed tax liens against

taxpayer's real property located in Spotsylvania County, Virginia.

Subsequent to the time taxpayer and her husband executed the series of consent forms, she and her husband were divorced, we are told, and he has moved to North Carolina, while taxpayer has remained in Spotsylvania County. Taxpayer has alleged that her only assets include a residence and 55 acres of land located in Spotsylvania County. She has further alleged that prior outstanding mortgages and judgments encumber approximately 75% of these assets and that enforcement of the IRS' subordinate tax lien would eliminate all of her remaining equity.

Accordingly, taxpayer brought this suit in the district court seeking injunctive and declaratory relief from the government's efforts to enforce its tax liens. She asserted two grounds to support her request for relief. First, taxpayer alleged that she was an innocent spouse under IRC § 6013(e)[1] and therefore she was exempt from her husband's tax liability. She also argued that at her husband's insistence and direction she signed the consent forms without knowledge of the content and effect of the forms and without knowledge that her husband had failed to file returns for the years 1968 through 1978.

In a suit to enjoin the collection of taxes, as in the case at hand, a court's power to hear the matter depends upon whether or not either a legislative or judicial exception exists to lift the bar to maintaining suit that is imposed by the Anti-Injunction Act, IRC § 7421(a). Since taxpayer alleged facts in her complaint which did not implicate the explicit statutory exceptions to section 7421(a), the district court's power to

hear her case must depend upon the existence of a judicially created exception.

■ Section 7421(a) operates as a bar to maintaining suits brought for the purpose of enjoining the assessment or collection of federal taxes. In relevant part, section 7421(a) provides that:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person whether or not such person is the person against whom such tax was assessed.

Although the Act contains statutory exceptions[2] which are not relevant here, a narrowly-defined judicial exception may permit a court to hear a tax injunction suit provided the taxpayer shows that the court has equitable jurisdiction over the matter. The Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1945), established a two-prong test, which has been consistently reaffirmed, for courts to consider in determining whether jurisdiction exists over a tax injunction suit notwithstanding the literal terms of section 7421(a). *See Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *United States v. American Friends Service Committee*, 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974); *Alexander v. "Americans United," Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

Under the *Williams Packing* exception, a court may entertain a suit to enjoin the assessment or collection of taxes "if it is clear that under no circumstances could the Government ultimately prevail ... [and] if equity jurisdiction otherwise exists." 370 U.S. at 7, 82 S.Ct. at 1129. Both require-

---

**1.** IRC section numbers correspond to 26 U.S.C. Thus, IRC § 6013(e) is 26 U.S.C. § 6013(e).

**2.** The Anti-Injunction Act refers to specific sections of the Internal Revenue Code as authorizing otherwise prohibited suits to enjoin the assessment or collection of federal taxes. Sections 6212(a), (c) and 6213(a) provide for suits in the Tax Court to contest deficiency procedures. Section 6672(b) allows the filing of a suit under certain circumstances to contest a

penalty assessment. IRC § 6694(c) authorizes an extension of time for collection in a situation in which a tax preparer has paid 15% of an assessed penalty and a suit to enforce the provision. Section 7426(a), (b)(1) permits suits in certain circumstances by persons other than those against whom taxes have been assessed. Section 7429(b) concerns district court review of jeopardy assessments.

ments of the *Williams Packing* exception must be satisfied before a court may hear a tax injunction suit that does not fall within the statutory exceptions in section 7421(a). *American Friends,* supra, 419 U.S. at 10, 95 S.Ct. at 14. Thus, to uphold the district court's dismissal, we first consider whether taxpayer has failed to show that she is virtually certain to prevail on the merits of her complaint. If she so fails, then the other requirement need not be considered.

██ We think the district court correctly dismissed taxpayer's complaint because she has not shown that she is virtually certain to prevail on the merits.[3] The pleadings show that taxpayer executed the consent forms and there is nothing to show that the government did not rely on the waivers contained therein. The pleadings further show that this aspect of taxpayer's case is not broader than that she was mistaken in law as to the effect of the consent forms and that she was mistaken in fact as to the content of the forms. Neither of these theories is a reason beyond argument that would relieve her of her obligations contained in the consent forms. *See Quigley v. Internal Revenue Service,* 289 F.2d 878, 879–80 (D.C.Cir.1960); *Perkins v. McCarthy,* 41 AFTR 2d 78–1048, 1049 & n. 1 (M.D.Ga.1978); *Williston on Contracts,* 3rd Ed. (1970), § 1581.

Without deciding the merits, we think taxpayer's contentions "are sufficiently debatable to foreclose any notion that 'under no circumstances could the Government ultimately prevail....'" *Bob Jones University,* supra, 416 U.S. at 748–49, 94 S.Ct. at 2051–52, *citing Williams Packing,* supra, 370 U.S. at 7, 82 S.Ct. at 1129. Thus, in accordance with *Bob Jones University,* the case must be dismissed for want of jurisdiction.

Additionally, although we have not discussed taxpayer's claim for declaratory re-

lief, a decision on the merits of this claim is similarly barred by the Declaratory Judgment Act which, the Supreme Court has found, "is at least as broad as the Anti-Injunction Act." *See Bob Jones University,* supra, 416 U.S. at 732–33 n. 7, 94 S.Ct. at 2044 n. 7.

Accordingly, although we affirm the dismissal of the complaint, we remand to the district court with instructions to amend its order dismissing the complaint to indicate its dismissal is for lack of jurisdiction.

AFFIRMED AS MODIFIED AND REMANDED WITH INSTRUCTIONS.

---

3. The district court found that because taxpayer had alleged all of the prerequisites for invoking innocent spouse protection, the court was bound to accept the truth of the allegations on the government's motion to dismiss. Thus, the court concluded that it was unable to find that taxpayer arguably would not prevail on her innocent spouse claim. The court further noted that the government could have challenged the basis for taxpayer's allegations in a motion for summary judgment but, since the government failed to do so, the court was bound to accept the truth of taxpayer's allegations on the innocent spouse claim.