**Robert F. IVORY, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. C–3–94–353.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 23, 1994.

Robert F Ivory, pro se.

Lucretia R Ivory, pro se.

Patrick Dennis Quinn, U.S. Attys. Office, Dayton, OH, Beth A Westerman, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (DOC. # 3)

RICE, District Judge.

This litigation arises out of the efforts of the Internal Revenue Service ("IRS") to collect income taxes, which the Plaintiffs allegedly owe for calendar year 1983. On September 2, 1994, the IRS attempted to collect those taxes by issuing levies on three financial institutions, at which Plaintiffs had ac-

**202**

counts. This case is now before the Court on the Plaintiffs' motion for a temporary restraining order (Doc. # 3), restraining these collection efforts by the IRS.[1]

Section 7421(a) of the Internal Revenue Code (Title 26) provides that, subject to certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...."[2] Nevertheless, the Plaintiffs argue that the exception to § 7421(a), recognized by the Supreme Court in *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), is applicable herein. In *Enochs,* the Supreme Court said that a court cannot enjoin the collection of a tax unless "it is clear that under no circumstances could the government ultimately prevail." *Id.* at 7, 82 S.Ct. at 1129. *Accord, United States v. American Friends Service Com.,* 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974). Herein, the Plaintiffs' theory is that the IRS cannot under any circumstances prevail, because any collection effort would be barred by the applicable statute of limitations, that contained in 26 U.S.C. § 6501(a), which provides that an assessment must be made within three years of the date that a return is filed. However, there is an exception to the statute of limitations, to wit: § 6501(c), which provides that in the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed at any time. Therefore, this Court cannot say that "it is clear that under no circumstances can the government ultimately prevail." *Enochs,* 370 U.S. at 7, 82 S.Ct. at 1129. Accordingly,

this Court overrules the Plaintiffs' motion for temporary restraining order (Doc. # 3).

---

1. The United States has not responded to the Plaintiffs' motion for temporary restraining order; however, the Court notes that a certificate of service has not been attached to that motion, nor does the court file otherwise indicate that the Plaintiffs have served that motion on the United States. Moreover, the Plaintiffs caption their motion as an ex parte motion.

2. Among the statutory exceptions contained in § 7421(a) is a provision that it shall not apply when the IRS has failed to send the requisite notice of deficiency to the taxpayer. *See Hempel v. United States,* 14 F.3d 572, 573 (11th Cir.1994) (citing 26 U.S.C. §§ 6212(a) and (c), 6213(a) and 7421(a)). Herein, Plaintiffs allege in their com-

plaint, which is not verified, that they have not been issued a notice of deficiency; however, they do not argue in their motion for a temporary restraining order that the failure of the IRS to send them a notice of deficiency is a basis for restraining the collection efforts. Rather, the Plaintiffs rely on the exception to § 7421(a) recognized by the Supreme Court in *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Moreover, in the affidavits supplied with their motion for temporary restraining order, the Plaintiffs do not mention this asserted failure. Therefore, in ruling on the motion for temporary restraining order, the Court does not consider the question of whether a deficiency notice was sent to the Plaintiffs.