Lonnie James TOUGH, Jr.,
Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant–Appellee.

No. 03–1166.

United States Court of Appeals,
Sixth Circuit.

Sept. 15, 2003.

Lonnie James Tough, Jr., Bad Axe, MI, for Plaintiff–Appellant.

Bruce R. Ellisen, Annette Wietecha, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

Lonnie James Tough, Jr., appeals pro se from the district court's dismissal of an action that he had brought against the Internal Revenue Service ("IRS"). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Tough primarily alleged that the IRS improperly directed his employer to withhold income taxes from his pay, even though he had completed a W–4 form which indicated that he was exempt from paying taxes on his wages. Thus, Tough requested an additional refund of the income taxes that he had paid and an injunction that would restrain the IRS from withholding estimated taxes from his wages in the future. The district court adopted a magistrate judge's report over Tough's objections, and dismissed the case on December 23, 2002. It is from this judgment that he now appeals. The government has filed a motion for sanctions in this appeal.

We review the dismissal of Tough's case de novo. See Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996). Dismissal was appropriate here because Tough did not raise a cognizable claim. See Fed.R.Civ.P. 12(b).

Tough primarily argues that he was not required to "self-assess" a tax liability on his W–4 form because his wages are not taxable income. This argument lacks merit, as it is well-settled that wages are taxable income within the meaning of 26 U.S.C. § 61(a). See Perkins v. Commissioner of Internal Revenue, 746 F.2d 1187, 1188 (6th Cir.1984). Thus, withholding income tax from Tough's wages did not violate the Constitution or give rise to a viable cause of action against the IRS. See Robinson v. A & M Elec., Inc., 713 F.2d 608, 609 (10th Cir.1983); Stonecipher v. Bray, 653 F.2d 398, 402 (9th Cir.1981).

Tough's claim for injunctive relief fails for the substantive reasons noted above. It is also barred by the Anti–Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Tough argues that withholding is not an "assessment or collection" of tax. However, the Act also precludes claims that seek to enjoin the withholding of income taxes. United States v. American Friends Serv. Comm., 419

U.S. 7, 10–11, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974); *Stonecipher*, 653 F.2d at 401. An equitable exception to the Act may apply if the taxpayer shows that the government cannot possibly prevail and there is no adequate remedy at law. However, that exception is not applicable · here. *See American Friends Serv. Comm.*, 419 U.S. at 10–11, 95 S.Ct. 13; *Stonecipher*, 653 F.2d at 401.

Tough's current brief contains several other tax protester arguments. However, he did not raise these claims in his objections to the magistrate judge's report, and they are waived for purposes of appellate review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995).

■ The government now moves for sanctions, arguing that Tough's appeal is frivolous and that $4,000 approximates the amount of sanctions that it has received in other tax protester appeals. *See generally* Fed. R.App. P. 38. Tough's claims are clearly frivolous, but we are not aware of any other frivolous cases that he has filed. Thus, we conclude that a sanction of $200 would be sufficient in this case. Tough is advised that he may be subject to sanctions that more accurately reflect the government's actual expenses if he continues to file frivolous cases in the future.

Accordingly, the district court's judgment is affirmed, and the government's motion for sanctions is granted in the amount of $200. Rule 34(j)(2)(C), Rules of the Sixth Circuit.