**Roy NUTTELMAN; Cecilia Nuttelman; Douglas Nuttelman and Dennis Nuttelman, Appellants,**

**v.**

**Dennis VOSSBERG; Mark Primoli; Mitchell Premis; Geri Anfinson; George Langdale; David Mayger; Brady R. Bennett; Susan Kahalekula; Lyle D. Metzger and John/Jane Does, Appellees.**

**No. 84–2517.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1985.

Decided Feb. 1, 1985.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Roy, Cecilia, Douglas and Dennis Nuttelman appeal pro se from an order entered in the District Court[1] denying their request for a restraining order for lack of subject matter jurisdiction. The Nuttelmans sought to restrain Dennis Vossberg and other government employees from collecting certain employment and withholding taxes until a final adjudication on the merits. We affirm.

The Nuttelmans own Nuttelman Pontiac, GMC, Inc., which ceased operations in 1980. Vossberg, an agent for the Internal Revenue Service, conducted an audit of the business in 1982. According to Vossberg's report, Nuttelman Pontiac had employees for whom no employment or withholding taxes had been paid; the resulting deficiency as of May 23, 1984, was $29,976.50, including accumulated interest and penalty.

The Nuttelmans filed this action under 42 U.S.C. § 1983, alleging that the named defendants conspired to deny the Nuttelmans their constitutional rights. Specifically, they argued that defendants knowingly made an invalid assessment, because the persons listed as "employees" in the audit report were under private contracts and were, therefore, liable for their own taxes. As part of their relief, they requested the district court to restrain the collection of the alleged deficiency.

The district court held that the Anti-Injunction Act, 26 U.S.C.A. § 7421(a) (West Supp.1984), precluded it from granting the requested relief. The Nuttelmans appealed, alleging several points for reversal. Because the merits of the Nuttelmans' claim have not yet been addressed by the district court, the only issue before us is whether the district court erred in refusing to grant a restraining order. We hold that it did not.

Roy and Cecilia Nuttelman, pro se.

No brief was filed on behalf of appellees.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

A federal court's jurisdiction to restrain the collection of taxes is severely limited by statute. Title 26 U.S.C. § 7421(a) provides:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

■ We agree with the district court that "[n]othing in [the Nuttelmans'] complaint even remotely suggests that they fall within the statutory exceptions." *Nuttelman v. Vossberg*, No. CV–84–0–619, at 3 (D.Neb. Oct. 26, 1984) (order). The Nuttelmans' assertion that the Anti-Injunction Act does not apply to the collection of penalties is unpersuasive. Although the tax assessment did include a penalty, penalties and interest are treated as taxes, *see* 26 U.S.C.A. §§ 6601(e)(1), 6660(a)(2) (West Supp.1984), and subject to the requirements of the Anti-Injunction Act. *Professional Engineers, Inc. v. United States*, 527 F.2d 597, 599 (4th Cir.1975).

A judicial exception to the Anti-Injunction Act was created in *Enochs v. William Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961). There the Supreme Court held that "if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and ... the attempted collection may be enjoined if equity jurisdiction otherwise exists." *Id.* at 7, 82 S.Ct. at 1129. Hence, in order to obtain the relief sought, the Nuttelmans would be required to show that under the most liberal view of the law and the facts, the government could not prevail and that irreparable harm would occur absent a restraining order. *See Hansen v. United States*, 744 F.2d 658, 660 (8th Cir.1984) (per curiam).

■ The Nuttelmans have not made such a showing. The employee-independent contractor distinction within the context of the Internal Revenue Code is an issue to be determined by the facts and circumstances of the particular case. Generally, the issue is decided on the right to direct and control the method and manner in which the work shall be done by the person for whom the services are performed. *Marvel v. United States*, 719 F.2d 1507, 1514 (10th Cir.1983). Other factors that may be considered include: (1) the investment made by the person rendering the service in his own tools and equipment; (2) the cost incurred by the employee in rendering the service; (3) the ability of the employee to profit from his own managerial skills; (4) whether the service requires a special skill; (5) the permanency of the relationship between the parties; and (6) whether the person rendering the service works in the course of the recipient's business rather than in an ancillary capacity. *Id.* at 1514 n. 11; *Avis Rent A Car System, Inc. v. United States*, 503 F.2d 423, 429 (2d Cir.1974). Because the government can obviously prevail if it presents evidence to indicate employee status of the persons listed in the audit report, the Nuttelmans' request for a restraining order was properly refused by the district court.

Accordingly, the judgment of the district court is affirmed.