980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
J.L. McGRAW; LaNelle McGraw, Appellants,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-2056.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 25, 1992.
Filed: December 1, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 J.L. and LaNelle McGraw ("the McGraws") appeal from the District Court's[1] dismissal of their tax-related action. We affirm.
 
 
 2
 Under threat of foreclosure, the McGraws liquidated their assets and farmland to satisfy their debts in 1979. The Internal Revenue Service (IRS) assessed a tax on the capital gain resulting from the increase in the value of the land. Congress retroactively exempted similarly-situated farmers who had transferred their land after December 31, 1981, from paying this tax. The McGraws claimed below that they had been denied equal protection and due process because Congress did not extend the exemption to cover the period when they had transferred their land. The McGraws sought an abatement of the taxes owed, release of the IRS lien on their house, return of money seized from their bank account, and the return of tax credits and refunds seized from them. They also sought a declaration that applying this tax to them was unconstitutional, an order restraining the IRS from further collection activities, and damages.
 
 
 3
 We conclude that the District Court lacked subject matter jurisdiction over this action. To the extent that the McGraws seek a declaration that the tax on their capital gain was unconstitutional as applied to them, their action is barred by the Declaratory Judgment Act. 28 U.S.C. § 2201 (1988); see also Hughes v. United States, 953 F.2d 531, 537 n.3 (9th Cir. 1992) (action barred where, although plaintiffs asserted due process violation, real issue was whether taxes had to be paid). To the extent that the McGraws seek relief from collection activities, their action is barred by the Anti-Injunction Act. 26 U.S.C. § 7421(a) (1988); see also Nuttelman v. Vossberg, 753 F.2d 712, 714 (8th Cir. 1985) (per curiam) (federal court's jurisdiction to restrain collection of taxes severely limited by statute). To the extent that the McGraws seek to challenge the assessment of the tax and obtain a refund of taxes paid, only two remedies are generally available: they may pay the taxes in full and sue in District Court, or they may petition the Tax Court without prior payment of taxes.[2] Further, we note that the United States has not waived its sovereign immunity in this instance. See United States v. Mitchell, 463 U.S. 206, 212 (1983) (consent by United States is prerequisite for jurisdiction). We conclude that the remaining arguments lack merit.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The record reflects, however, that the McGraws forfeited their rights to challenge the tax administratively or by petitioning the Tax Court when they signed a waiver to that effect