**Ralph BRIAN, Karen Brian, Koreen Morgan, and Robert Chapple, Plaintiffs,**

v.

**Phylis J. GUGIN, James Mason, Cheryl Mosby, Richard Owens, Special Agent Hines of the IRS, Madison County Prosecutor, Sid Brown, Madison County Sheriff, Gregg Moffit, and Pat Molloy, U.S. Attorney, Defendants.**

No. CV 93–0380–E–EJL.

United States District Court, D. Idaho.

Feb. 11, 1994.

Ralph Brian, Karen Brian, Robert L. Chapple and Koreen Morgan, plaintiffs pro se.

Betty H. Richardson, U.S. Atty., Boise, ID and Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the U.S. and federal defendants.

James D. Carlson, Hamlin & Sasser, Boise, ID, for Madison County defendants.

## MEMORANDUM DECISION AND ORDER

LODGE, Chief Judge.

Pending before this court are four motions. Defendants Sid Brown ("Brown") and Gregg Moffit ("Moffitt"), who are employees of Madison County, Idaho, have filed a motion to dismiss plaintiffs' complaint (Dkt. # 5) and a motion to strike plaintiffs' amended complaint (Dkt. # 23). Defendants Phylis J. Gugin, James Mason, Cheryl Mosby, Richard Owens, Special Agent Hines of the IRS, and Pat Molloy, United States Attorney (collectively referred to as the "Federal Defendants") have filed a motion to dismiss plaintiffs' complaint (Dkt. 9). Plaintiffs have filed a motion for a temporary restraining order against the Federal Defendants (Dkt. # 22). Each motion will be individually addressed by the court.

Having fully reviewed the record herein in preparation for the temporary restraining order hearing, the court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, the pending motions shall be decided on the record before this court without oral argument. Local Rule 7.1(b).

## FACTUAL BACKGROUND

Plaintiffs initiated the present action on September 29, 1993, by filing a complaint against several employees of the Internal Revenue Service ("IRS"), the former acting United States Attorney for the District of Idaho, and two officials of Madison County, Idaho. The essence of the complaint is that the IRS agents did not have a court order when they attempted to seize property of plaintiff Ralph Brian for delinquent taxes and the plaintiffs allege that such action violated the law. The plaintiffs then seek to recover against the county employees who failed to arrest and prosecute the IRS employees who were allegedly breaking the law. The complaint states jurisdiction is pursuant to 28 U.S.C. § 1343. The complaint claims the action of the defendants violated the plaintiffs' 4th, 6th and 14th Amendment rights as well as their civil rights under 42 U.S.C. §§ 1983–1986. Finally, the complaint seeks $500,000 for damage to the character of the defendants based on unfavorable publicity; punitive damages in the amount of $500,000; reasonable costs and expenses of bringing the action; and further relief as the court deems just.

On November 15, 1993, Brown and Moffit filed their motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. The Federal Defendants filed their motion to dismiss the complaint on December 13, 1993, pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On January 7, 1994, without leave of the court, the plaintiffs filed an amended complaint. Such amended complaint attempts to address the issues raised in Brown and Moffit's mo-

tion to dismiss and expands the statutory violations to include 18 U.S.C. §§ 241–242, Internal Revenue Code §§ 7214, 7403(a) and (b); Idaho Code §§ 18–7011 and 18–703.

At the same time as the amended complaint was filed, the plaintiffs filed a motion for a temporary restraining order against certain IRS employees. Brown and Moffit filed a motion to strike plaintiffs' amended complaint on January 18, 1993.

## STANDARD OF REVIEW

In determining whether the plaintiffs have failed to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court must accept the pleaded factual allegations of the complaint as true, viewing those allegations in the light most favorable to the plaintiffs. Because the plaintiffs filed their complaint pro se, their complaint is to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

## ANALYSIS

1. *Failure to State a Claim Under Rule 12(b)(6)*

Based on plaintiffs' briefing, it is clear that the plaintiffs have misconstrued the defendants' arguments relating to Rule 12(b)(6). The defendants do *not* argue that plaintiffs have failed to state their requested relief in their complaint. The plaintiffs point out correctly that they have set forth their requested relief on page 8 of the complaint. Instead, the defendants argue that a 12(b)(6) dismissal is appropriate since the plaintiffs cannot bring the type of action they have filed against individuals acting in their official capacities or where such individuals are granted immunity or where the federal government has not consented to waive its sovereign immunity. For these reasons, the defendants argue that plaintiffs have failed to state a claim upon which relief can be granted.

2. *Requirement of a Court Order*

The plaintiffs' premise for their complaint is that the IRS agents were required to have a court order in order to be able to legally seize property for delinquent taxes. Unfortunately, this is a faulty premise. Title 26 U.S.C. § 6331 authorizes the IRS to seize property of any person liable for any tax upon ten days notice. The plaintiffs are incorrect in stating that §§ 6331 and 6321 only apply to the Bureau of Alcohol, Tobacco and Firearms. The statute specifically states that any person may have their property levied upon. 26 U.S.C. §§ 6331(a) and 6321. The plaintiffs also cite 26 U.S.C. § 7402 which grants jurisdiction to the district courts to issue orders, processes and judgments as well as enforce IRS summons. This section does not require a court order in order to levy on property under § 6331.

A "levy" by definition is a summary non-judicial process which provides the IRS with a prompt and convenient method for satisfying delinquent tax claims. *Singleton v. U.S.*, 73–1 USTC, 1972 WL 435 (W.D.Pa. 1972). In *Maisano v. Welcher*, 940 F.2d 499 (9th Cir.1991), the court specifically interpreted § 6331 and held that § 6331 applies to *all* property of *any* person liable to the IRS. The court also held that the IRS has the option under § 6502 to collect its assessment by *either* a levy or a court proceeding, and taxpayers do not have the right to a hearing prior to collection efforts by the IRS. *Id.* at 502. *Also see, Vote v. U.S.*, 753 F.Supp. 866 (D.Nev.1991) *aff'd,* 930 F.2d 31 (9th Cir.1991).

Plaintiff Ralph Brian acknowledges on the Notice of Seizure attached as an exhibit to the complaint that notice of tax liens had been filed by the IRS with the county recorder. The Notice of Tax Lien Under Internal Revenue Laws submitted by the plaintiffs is dated August 19, 1992. The Notice of Seizure and Levy are each for $11,285.90. The Notice of Seizure is dated September 20, 1993, which is the date the plaintiffs allege the IRS agents entered the property to seize the property of Ralph Brian. The date on the Levy cannot be made out on the copy submitted by the plaintiffs, but the plaintiffs indicate in their complaint that the Notice of Seizure and the Levy were received at the same time. *See,* complaint, p. 3. Plaintiffs do not argue in their pleadings or briefing

that the statutory requirements for the levy were not complied with. Therefore, this court will assume from the facts presented by the parties that the procedure of the filing of the notice of lien with the county, the notice of lien being sent to the taxpayer, notice of seizure and levy forms being provided to the taxpayer at time of seizure were all properly completed.[1]

Accordingly, the IRS agents were acting within the authority granted under § 6331 and no court order was required for the attempted levy on Ralph Brian's property. Concerning the constitutional violations alleged by the plaintiffs, this court cannot find that any constitutional rights were allegedly violated if the attempted seizure was lawful under § 6331.

It is important to note that the plaintiff Ralph Brian is not without a course of action under the Internal Revenue Code. If the delinquent taxes claimed are not delinquent, the taxpayer may bring an action with the IRS for a refund. The court finds that the plaintiffs could have a course of action under § 7433 if the plaintiffs could allege facts showing the IRS agents recklessly or intentionally disregarded the Internal Revenue Code. Facts of this nature have not been alleged by the plaintiffs in either their complaint of amended complaint.

### 3. Fourth Amendment Allegations

■ As to Fourth Amendment violation allegations, the plaintiffs must establish that they had a "reasonable expectation of privacy" for any cars in the driveway that the IRS agents were attempting to seize. The *Maisano* court held that Fourth Amendment rights are not violated by the IRS seizing a vehicle without a warrant or a writ of entry where the automobiles being seized were in streets, parking lots and other open places. *Id.* at 503. On pages 3 and 4 of the complaint, plaintiffs allege that the properties being seized were vehicles and that the IRS agents forcibly began tagging the vehicles. The amended complaint eliminates the alle-

gation of force but does state the driveway was enclosed.

On or about September 20, 1993, the above named Agents, Gugin, Mason, Mosby, Hines and Owens, employed by the Internal Revenue Service, entered the property of Ralph and Karen Brian of 450 W. Main, Rexburg, Idaho, without their permission for the express purpose of confiscating their personal property and began to tag the property of the Brians that was in their driveway within the enclosed boundaries. [See exhibits 1, 2, and 3] Said property was and is enclosed by a hedge and fences and was posted against trespassing. [See exhibit 4]

See amended complaint, pp. 3–4.

In *U.S. v. Magana*, 512 F.2d 1169 (9th Cir.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975), the court held that:

A driveway is only a semiprivate area. The expectation of privacy which a possessor of land may reasonably have while carrying on activities on his driveway will generally depend upon the nature of the activities and the degree of visibility from the street. It would be equally unwise to hold, as matter of law, that all driveways are protected by the Fourth Amendment from all penetrations by police officers as to hold that no driveway is ever protected from police incursions. The test in each case should be that of reasonableness, both of the possessor's expectations of privacy and of the officers' reasons for being on the driveway.

*Id.* at 1171.

It is clear that the plaintiffs revised their complaint to try and address the issue of privacy of the driveway. But even considering with the allegations in the amended complaint, the plaintiffs have failed to establish the expectation of privacy. After all, one of the plaintiffs who does not live at the Brians drove up and parked in the driveway during the attempted seizure. Obviously, the hedges and fences do not prevent access to the Brians' driveway. The court finds there is insufficient evidence that the driveway was

---

**1.** Plaintiffs do attempt to note on the Notice of Seizure that there is not a valid OMB number on prior forms. Even if the OMB number was im-

proper, the government forms are adequate to communicate the required notice to the taxpayers.

obstructed by the hedges or fences, or that the vehicles the IRS agents were attempting to seize were not visible from the street. Further, there is no evidence that Ralph Brian was carrying on activities requiring Fourth Amendment protection on his driveway. Based on the allegations presented in both the complaint and amended complaint, this court can only conclude that the plaintiffs have failed to allege the facts necessary to support violations of their Fourth Amendment rights.

#### 4. *Immunity*

■ Legislators have created immunity for certain individuals acting in their official capacities. These immunities can prevent an action from being allowed against certain individuals or the government. This court is not unmindful of the plaintiffs' frustration with the federal government, but this court must apply the law. A prosecutor's decision to initiate a criminal prosecution is within the absolute immunity afforded to prosecutors under *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Additionally, prosecutors are immune from a civil suit for damages under § 1983 where the prosecutor was using his discretion of filing or not filing an action against certain defendants. *Maxfield v. Thomas,* 557 F.Supp. 1123 (D.Idaho 1983). The plaintiffs allege that prosecutor Brown failed to prosecute the IRS agents and is therefore liable for damages to the plaintiffs. This allegation ignores the absolute immunity granted to prosecutors. This court finds that the decision not to prosecute the IRS agents was within the discretion of the prosecutor, and plaintiffs cannot sue Brown for their alleged damages from Brown's failure to prosecute the IRS agents. The plaintiffs have sued Brown in his official capacity as prosecutor, and their damages are prohibited by the immunity afforded prosecutors.

The plaintiffs have also sued Moffit in his official capacity as Madison County Sheriff. Plaintiffs allege that Moffit should have prevented the law from being broken by the IRS agents. Since this court has determined that the IRS agents were not breaking the law, the claims against the sheriff are without merit.

■ The individual defendants (besides Brown and Moffit) were named solely in their official capacities as federal employees of either the IRS or the U.S. Attorney's Office. Accordingly, the United States should be substituted for the federal employees as the sole federal defendant in this case. *Gilbert v. DaGrossa,* 756 F.2d 1455 (9th Cir. 1985).

■ The United States government may only be sued if the government waives its sovereign immunity or the actions alleged by the plaintiffs are included within the statutory exceptions to immunity. *U.S. v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Plaintiffs have not identified any exception in which Congress has waived sovereign immunity. Jurisdiction is claimed under 28 U.S.C. § 1343, but this section cannot be used to waive the government's sovereign immunity and the government cannot be sued for damages for alleged violations of the Constitution. *Clemente v. U.S.,* 766 F.2d 1358 (9th Cir.1985). Since sovereign immunity has not been waived and it has been determined that the IRS agents were acting within their statutory authorization, the government's motion to dismiss should be granted.

### PENDING MOTIONS

*Brown and Moffit's Motion to Dismiss*

The court finds that Brown was sued in his official capacity as Madison County prosecutor, and that his decision not to prosecute certain IRS agents is absolutely immune from the constitutional and 42 U.S.C. §§ 1983–1986 challenges presented by the plaintiffs. The claims against Brown should be dismissed.

Since the IRS agents were acting lawfully, the claims against the sheriff for not preventing the law from being violated by the IRS agents are without merit. The claims against Moffit should be dismissed.

*Federal Defendants' Motion to Dismiss*

The court also agrees that the federal government has not waived its sovereign immunity to be sued, and no statutory exceptions apply to the constitution and federal statutes the plaintiffs cite as having been violated in the instant case. Additionally, the court finds that the constitutional rights of the plaintiffs were not violated since the IRS agents were acting within their statutory authorization. Finally, since alternative remedies exist for the plaintiffs to bring an action against the IRS agents under § 7433, the plaintiffs are prohibited from bringing a *Bivens* action against federal employees in their official capacities. For all of these reasons, the motion to dismiss this action against the Federal Defendants should be granted.

*Plaintiffs' Motion for a Temporary Restraining Order*

The plaintiffs' motion for a restraining order simply states the plaintiffs will suffer irreparable harm if the IRS agents are not enjoined from harassing the plaintiffs. The court has determined that as to the attempted seizure of property, the IRS agents were acting within their authority. The plaintiffs are not entitled to an injunction to prevent the IRS from performing its duty to collect taxes. The summons issued to banks for documents to establish the plaintiffs' income and tax liability have not adequately been shown by the plaintiffs to be harassment. A conclusory statement that such action is harassment is insufficient to establish irreparable harm under Rule 65. Also, the Anti–Injunctive Act prevents an injunction from being issued against the government. Finally, since the motions to dismiss are being granted and the case dismissed, the motion for the temporary restraining order becomes moot and should be denied.

*Motion to Strike Plaintiffs' Amended Complaint*

Under Rule 15 of the Federal Rules of Civil Procedure, the plaintiffs do not have the right to file an amended complaint without leave of the court to do so. No such leave was requested or granted by this court. Regardless, this court will consider whether or not the amended complaint will rectify the problems with the plaintiffs claims as discussed above. Upon the court's review of the amended complaint, it is clear that the amended complaint is an attempt to address the issues raised by the defendants in their motions to dismiss. Unfortunately, the amended complaint fails to rectify the issues raised in the motions to dismiss. The problem is the premise of the amended complaint is the same as the original complaint—the IRS agents were required to have a court order to seize the property. As discussed above, this premise is incorrect. Since the motions to dismiss are being granted, the motion to strike plaintiffs' amended complaint is moot and need not be decided by this court.

**ORDER**

Being fully advised in the premises, the court hereby orders that:

(1) Defendants Brown and Moffits' motion to dismiss (Dkt. # 5) is **GRANTED;**

(2) Federal Defendants motion to dismiss (Dkt. # 9) is **GRANTED;**

(3) Plaintiffs' motion for a temporary restraining order (Dkt. # 22) is **DENIED;**

(4) Defendants Brown and Moffit's motion to strike plaintiffs' amended complaint (Dkt. # 23) is **MOOT;** and

(5) Based on this Order, this case is **DISMISSED IN ITS ENTIRETY.**