**Coit & Evelyn ERICKSON, Plaintiffs,**

v.

**Ron LUKE, an individual, Hester Pulling, an individual, Keith Farrar, an individual, All other John Does to be added, Timothy Towns, an individual, Defendants.**

No. CV 94–0134–E–EJL.

United States District Court, D. Idaho.

Jan. 9, 1995.

Coit & Evelyn Erickson, pro se.

Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

LODGE, Chief Judge.

On December 1, 1994, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation, recommending that the federal defendants named in plaintiffs' complaint be dismissed, and the United States be substituted as the sole defendant in this case, and that the defendant's motion to dismiss be granted; that the plaintiffs' motion for declaratory judgment be denied; and that this case be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. Neither party has objected to Judge Williams' recommendation. This court may, therefore, accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*

Because this court finds the Report and Recommendation of Judge Williams to be well founded in law and supported by the record, the court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams. Acting on the recommendation of Judge Williams, and this court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Judge Williams' Report and Recommendation entered on December 1, 1994, (Dkt. No. 24) should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (Dkt. No. 6) is **GRANTED**; that the plaintiffs' motion for declaratory judgment (Dkt. No. 11) is **DENIED**; and this case is hereby **DISMISSED IN ITS ENTIRETY**.

## REPORT AND RECOMMENDATION

WILLIAMS, United States Magistrate Judge.

Plaintiffs are taxpayers who have brought this action stemming from the alleged wrongful collection of taxes by the Defendants, who are employees of the Internal Revenue Service. Upon due consideration, the Court recommends (1) that the United States should be substituted in place of the individual Defendants; (2) sovereign immunity shields the United States from suit under these circumstances; (3) a quiet title action against the United States will not lie because Plaintiffs are contesting the substantive rather than the procedural validity of a tax lien; (4) the Anti–Injunction Act, 26 U.S.C. § 7421, prohibits issuance of an injunction under these circumstances; and (5) that the Complaint should be dismissed because it appears beyond doubt that no set of facts can be proved in support of this claim which would entitle Plaintiffs to relief.

### *REPORT*

#### I

### PROCEDURAL HISTORY

This matter is before the Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and District Judge Lodge's Order of Reference entered September 15, 1994. Currently pending before the Court is Defendants' Motion to Dismiss (Dkt. # 6) filed May 21, 1994, and Plaintiff's Motion for a Declaratory Judgment (Dkt. # 11) filed July 22, 1994.

On October 11, 1994, a notice was sent via the United States mail to the latest address the Court had for each of the parties. This notice indicated that a hearing would be held on pending motions in this matter on November 30, 1994. On November 30, 1994, Rich-

ard Ward appeared on behalf of the Defendants. However, the Plaintiffs did not make an appearance nor did they inform the Court as to any emergency or other conflict they had with the hearing scheduled for November 30, 1994. Accordingly, the Court has decided to forego oral argument and will consider the matter based on the record.

## II

## BACKGROUND

Plaintiffs, Coit and Evelyn Erickson (hereinafter "the Ericksons"), are residents of the state of Idaho residing in Blaine County. Defendants Ron Luke, Hester Pulling, Keith Farrar, and Timothy Towns (hereinafter "the Federal Defendants"), are employees of the Internal Revenue Service, an agency of the United States government.

This action arises out of collection activities undertaken by the Federal Defendants to satisfy unpaid federal income taxes, described by the IRS as a "1040" kind of tax, which the IRS claims that the Ericksons own for the tax periods ending December 31, 1985, December 31, 1988, December 31, 1989, and December 31, 1990.

On July 28, 1993, the IRS filed a notice of federal tax lien against property owned by the Ericksons in Jerome County, Idaho, and a notice of federal tax lien against property owned by the Ericksons in Blaine County, Idaho. The notice was signed by Defendant Keith Farrar for Defendant Ron Luke.

On August 20, 1993, Defendant Ron Luke filed a levy against so much of the property or rights to property, either real or personal, of the Ericksons as may be necessary to pay "1040" taxes that were due and owing by the Ericksons.

Also on August 20, 1993, the IRS seized a parcel of real property located in Jerome County, Idaho. The Notice of Seizure filed by the IRS indicated that the parcel consists of approximately four acres of land, containing a mobile home enclosed by a wood frame house and a detached garage as well. The Notice of Seizure was signed by Defendants Ron Luke and Hester Pulling.

The Ericksons claim that this parcel of land is actually owned by a third party named Milton Harkness. Plaintiff's allege that the seizure of this parcel was therefore wrongful and outside the scope of the Federal Defendants authority. Milton Harkness is not a party to this action. The Ericksons further maintain that the seizure of their real property and the levy against their other property was wrongful because of alleged procedural defects, including the IRS's failure to obtain a court order, lack of authorization to issue notices of levy and notices of federal tax lien, and the alleged illegitimacy of the IRS's Notice of Levy and Notice of Federal Tax Lien because they are based on an "improper tax," namely the individual income tax (form 1040).

By way of a Complaint filed March 4, 1994, Plaintiffs bring the following causes of action against the Federal Defendants: (1) slander of title to all their property; (2) conspiracy to counterfeit a security; (3) clouding title to their real property; (4) fraud; and (5) action taken in the absence of statutory authority.

Plaintiffs seek $500,000.00 in punitive damages, costs, a decree quieting title to the property on which the IRS has placed federal tax liens or seized and an injunction prohibiting the IRS from "further unlawful harassment" of them.

## III

## MOTION TO DISMISS

The Federal Defendants alternatively argue that the Complaint should be dismissed because of improper service on the individual defendants or that the United States should be substituted as a party in place of the individual defendants, and the Complaint dismissed for failure to state a claim upon which relief can be granted.

### A

### Standard for Motion to Dismiss

■ The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the claim for relief by addressing itself solely to the failure of the complaint to state a claim. When the court is testing the sufficiency of the claims

for relief, the complaint should be construed in a light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Church of Scientology v. Flynn,* 744 F.2d 694, 696 (9th Cir.1984). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Reddy v. Litton Industries, Inc.,* 912 F.2d 291, 293 (9th Cir.1990). The issue is not whether the plaintiff will ultimately prevail or is likely to prevail, but whether the claims is entitled to offer evidence to support the claim. *Scheuer,* 416 U.S. at 240, 94 S.Ct. at 1688.

**B**

**The United States Should be Substituted in Place of the Federal Defendants**

█ The factual allegations contained in the Plaintiffs' Complaint basically allege that the IRS defendants prepared official IRS forms, including notices of federal tax lien and notices of levy and that they seized Plaintiffs' personal property and a parcel of real property in satisfaction of a tax debt. These factual allegations do not indicate that the Federal Defendants acted in any capacity other than their official capacities as IRS employees. The Plaintiffs, nonetheless, contend that the Defendants were acting without statutory authority because (1) the IRS's Notice of Levy and Notice of Federal Tax Lien were illegitimate as based on an improper tax, namely, the individual income tax; (2) IRS employees are not authorized to issue notices of levy and notices of federal tax lien; and (3) the Federal Defendants did not have a court order to seize the property in question.

█ Plaintiffs' argument that the IRS's Notice of Levy and Notice of Federal Tax Lien were illegitimate as based on an improper tax is based on Plaintiffs' contention that the phrase "1040" on the tax forms did not properly identify the kind of tax that the IRS claimed was due and owing. To the extent that the Plaintiffs are arguing that the individual income tax is an invalid tax, their contention is frivolous. *See Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990). Furthermore, the Court finds that "1040" is—for the purposes of notice of levy and notice of federal tax lien forms—sufficient to give notice that the kind of tax claimed due and owing is individual income tax.

Plaintiffs' arguments that the IRS agents did not have authority to issue notice of levy and notices of federal tax lien and that a Court order is required before the IRS can levy on property is by no means a novel theory. In fact, this Court has previously considered a similar argument in the case of *Brian v. Gugin,* 853 F.Supp. 358 (D.Idaho 1994):

> Title 26 U.S.C. § 6331(a) authorizes the IRS to seize property of any person liable for any tax upon ten days notice. The plaintiffs are incorrect in stating that §§ 6331 and 6321 only apply to the Bureau of Alcohol, Tobacco and Firearms. The statute specifically states that any person may have their property levied upon 26 U.S.C. § 6331(a) and 6321....
>
> A "levy" by definition is a summary nonjudicial process which provides the IRS with a prompt and convenient method for satisfying delinquent tax claims. *Singlton v. U.S.,* 73–1 USTC, 1972 WL 435 (W.D.Pa.1972). In *Maisano. v. Welcher,* 940 F.2d 499 (9th Cir.1991), the court specifically interpreted § 6331 and held that § 6331 applies to *all* property of *any* person liable to the IRS. The court also held that the IRS has the option under § 6502 to collect its assessments *either* by a levy or a court proceeding, and taxpayers do not have the right to a hearing prior to collection efforts by the IRS. *Id.* at 502.

*Brian,* 853 F.Supp. at 361.

The Federal Defendants argue—and the Court agrees—that because the acts of which Plaintiffs complain were performed in their official capacities, the United States is the proper party defendant. *See Gilbert v. Da Grossa,* 756 F.2d 1455 (9th Cir.1985); *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir.1982); *Brian v. Gugin,* 853 F.Supp.

358, 363 (D.Idaho 1994). Therefore, the Federal Defendants shall be dismissed as Defendants in this case, and the United States, specifically the Internal Revenue Service (hereinafter "the IRS"), shall be substituted for the Federal Defendants as the sole defendant in this case.[1]

### C

### Sovereign Immunity

■■■ It is axiomatic that unless the federal government consents to be sued, sovereign immunity shields the government and its agencies from suit. *FDIC v. Meyer,* — U.S. —, —, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *U.S. v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); "Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Meyer,* — U.S. at —, 114 S.Ct. at 1000 (citations omitted). The United States government may be sued only if it waives sovereign immunity "or the actions alleged by the plaintiffs are included within the statutory exceptions to immunity." *Brian,* 853 F.Supp. at 363 (citing *U.S. v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). Any waiver of sovereign immunity is strictly construed in favor of the United States. *Ardestani v. INS,* 502 U.S. 129, 135–37, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991) (citing *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986)); *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983). The burden is on the plaintiff to prove that his suit is in compliance with the terms of a statute in which the United States has waived sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

■■■ Plaintiffs have not referred to any statute which specifically provides for a suit against the United States for damages.

Plaintiffs' complaint might be construed as stating a common law claim for defamation and infliction of emotional distress under the Federal Tort Claims Act. However, because these claims are common law tort claims made against IRS employees acting with the scope of their employment, the exclusive remedy available to Plaintiffs is a Federal Tort Claims Act against the United States. *See* 28 U.S.C. § 2679(b)(1). However, such an action is precluded by Section 2680(c) of the Tort Claims Act, which precludes an action for damages "arising in respect to the assessment or collection of any tax."[2] 28 U.S.C. § 2680(c).

Having determined that Plaintiffs' complaint cannot properly state a claim for damages, two remaining questions preclude the court from determining whether Defendants Motion to Dismiss should be granted. The Court must determine whether Plaintiffs are entitled to have title quieted to the property in their name and whether Plaintiffs are entitled to an injunction enjoining the IRS from any other collection activities.

### D

### Action to Quiet Title

Plaintiffs' Complaint seeks to quiet title to their personal and real property and for a determination that the title to the parcel of property seized by the IRS is actually vested in Milton Harkness, a third party.

■■■ Under 28 U.S.C. § 2410, in certain instances, the United States may be joined as a party to a quiet title action affecting property in which it claims an interest. *Bank of Hemet v. United States,* 643 F.2d 661 (9th Cir.1981). The taxpayer, however, may not use a Section 2410 action to collaterally attack the merits of any assessment. *United States v. Polk,* 822 F.2d 871 (9th Cir.1989). Rather, the taxpayer may only contest the procedural validity of the lien. *Id.*

---

1. Because the Court has deemed it appropriate to substitute the United States in place of the Federal Defendants in this case, the Court need not address Defendants' contention that the Federal Defendants were not properly served.

2. Additionally, any action under the Act would be precluded because plaintiffs have not demonstrated that they have exhausted their administrative remedies. *See* 28 U.S.C. § 2675(a) (emphasis added).

■ With respect to the levy filed against all of Plaintiffs' property on August 20, 1993, Plaintiffs attack on the procedures used by the IRS is not an attack on the procedures themselves, but an argument that the IRS agents were without statutory authorization to encumber Plaintiffs' property. As the Court previously found in discussing whether the IRS agents were acting within the scope of their authority,[3] the IRS is authorized by statute to impose liens and levies in its effort to collect federal taxes that are due and owning. For this reason, Plaintiffs argument that title in all of their property, real and personal, should be quieted in their name cannot succeed.

■ Furthermore, with respect to the parcel of real property seized on August 20, 1993, Plaintiffs do not have standing to assert the rights of Milton Harkness, a third party, whom Plaintiffs claim is the rightful owner of this parcel. *See e.g. Shaw v. United States,* 331 F.2d 493 (9th Cir.1964) (Where wife's interest in joint tenancy property was not encumbered by federal tax lien filed against husband's property, her action under Section 2410 to void the lien was dismissed for failure to state a claim.).

### E

### Plaintiffs' Request for an Injunction

Plaintiffs apparently seek to enjoin the IRS agents from taking further collection activities against them. However, injunctive relief against the United States under these circumstances is clearly barred by statute.

■ The Anti–Injunction Act, 26 U.S.C. § 7421, provides that, except for certain enumerated circumstances, "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). It has been held that "a federal court's jurisdiction to restrain the collection of taxes is severely limited by Section 7421."

*Nuttelman v. Vossberg,* 753 F.2d 712, 714 (8th Cir.1985). The principal purpose of the Act is to protect the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference. *South Carolina v. Regan,* 465 U.S. 367, 376, 104 S.Ct. 1107, 1113, 79 L.Ed.2d 372 (1984); *Bilbo v. United States,* 633 F.2d 1137, 1139 (5th Cir.1981). The Supreme Court has given Section 7421(a) an almost literal reading. *Enochs v. Williams Packing & Navigation Co. Inc.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). So broad is the prohibition against judicial intervention contained in Section 7421(a) that it applies not only to the assessment and collection of the tax itself, but also to activities intended to, or which may culminate in, the assessment or collection of taxes. *Blech v. United States,* 595 F.2d 462 (9th Cir.1979).

To the extent Plaintiffs seek to restrain the United States from further tax collection activities, Plaintiffs' cause of action falls squarely within Section 7421(a) as an action to restrain the collection of taxes and is barred. Moreover, Plaintiffs do not fall within any of the statutory exceptions enumerated in Section 7421(a) and they cannot meet either of the requirements for the judicially-created exception to the Act.

■ There exist several statutory exceptions to the Anti–Injunction Act. Actions to enjoin assessment or collection are allowed if petitioners were not afforded the opportunity to petition the Tax Court to challenge their tax deficiency,[4] if petitioner has brought suit to determine petitioner's liability under 26 U.S.C. § 6672,[5] if the petitioner is a tax preparer who has brought suit to determine the preparer's liability for a penalty under 26 U.S.C. § 6694,[6] if petitioner has brought a wrongful levy action under 26 U.S.C. § 7426(b),[7] or if petitioner has brought suit under 26 U.S.C. § 7429(b) to determine whether a jeopardy levy or assessment was

---

**3.** *See supra* part II.B.

**4.** *See* 26 U.S.C. § 6212(a) and (c), 26 U.S.C. § 6213(a) and 26 U.S.C. § 7421.

**5.** *See* 26 U.S.C. § 6672(b) and 26 U.S.C. § 7421.

**6.** *See* 26 U.S.C. § 6694(c) and 26 U.S.C. § 7421.

**7.** *See* 26 U.S.C. § 7426(a), (b)(1) and 26 U.S.C. § 7421.

appropriate.[8] Plaintiffs have failed to allege any facts in their complaint that would give rise to an action falling under one of the statutory exceptions to the Act.

■ Under the judicial exception to the Anti–Injunction Act, injunctive relief may be granted only if two conditions are met: (1) that "it is clear that under no circumstance could the government ultimately prevail"; and (2) that equity jurisdiction is otherwise present because of the existence of irreparable injury for which there is no legal remedy. *Enochs,* 370 U.S. at 7, 82 S.Ct. at 1129; *see also Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981); *Hansen v. United States,* 744 F.2d 658, .660 (8th Cir.1984); *Perlowin v. Sassi,* 711 F.2d 910 (9th Cir.1983); *Cool Fuel, Inc., v. Connett,* 685 F.2d 309 (9th Cir.1982) (a refund action is an adequate remedy of law). "Unless *both* conditions are met, a suit for preventative injunctive relief must be dismissed." (emphasis added) *United States v. American Friends Service Committee,* 419 U.S. 7, 10, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974) (quoting *Commissioner v. Americans United, Inc.,* 416 U.S. 752, 758, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974)).

■ Whether the Government has a chance of ultimately prevailing is to be determined based upon the information available to the Court at the time of the filing of the action. *Church of Scientology v. United States,* 920 F.2d 1481, 1485 (9th Cir.1990) *cert. denied,* 500 U.S. 952, 111 S.Ct. 2258, 114 L.Ed.2d 711 (1991). The taxpayer bears the burden of showing that the Government's claim is baseless. *Id., Schildcrout v. McKeever,* 580 F.2d 994, 997 (9th Cir.1978).

■ The Court has previously found that Plaintiffs' have failed to state a claim upon which relief can be granted. Consequently, Plaintiffs cannot show that the United States and the Federal Defendants could not prevail on the issues raised in their Complaint. Therefore, the Court cannot grant the injunctive relief requested.

■ Moreover, Plaintiffs cannot establish the second requirement that equity jurisdiction otherwise exists. To meet the second

prong of the *Enochs* test, Plaintiffs must show that there are "special circumstances attending a threatened injury … bringing the case under some recognized head of equity jurisdiction before the preventive remedy of injunction can be invoked." *Dows v. Chicago,* 78 U.S. (11 Wall.) 108, 109–110, 20 L.Ed. 65 (1871); *see Enochs,* 370 U.S. at 6, 82 S.Ct. at 1128–29. In order for an injunction to issue against the assessment or collection of federal taxes, "[t]he taxpayer must show that he has no remedy at law and that the denial of injunction relief would cause him immediate, irreparable injury." *Church of Scientology,* 920 F.2d at 1486 (*quoting Jensen v. IRS,* 835 F.2d 196, 198 (9th Cir. 1987); *Cool Fuel, Inc., v. Connett,* 685 F.2d 309, 313 (9th Cir.1982); *see Enochs,* 370 U.S. at 6, 82 S.Ct. at 1128–29).

■ Plaintiffs have not satisfied the traditional prerequisites to the issuance of equitable relief. They have made no showing that they will suffer irreparable harm if collection of the tax is not enjoined and that they lack an adequate legal remedy. *Perlowin v. Sassi,* 711 F.2d 910, 912 (9th Cir.1983). Mere financial hardship is insufficient to allege irreparable injury. *Bob Jones University v. Simon,* 416 U.S. 725 at 745, 94 S.Ct. 2038 at 2050, 40 L.Ed.2d 496; *Church of Scientology,* 920 F.2d at 1489. A taxpayer must allege that collection would result in the financial ruination of their business, *Flynn v. United States,* 786 F.2d 586 (3rd Cir.1986), or the deprivation of "the necessities of life," *Jensen v. IRS,* 835 F.2d 196, 198 (9th Cir. 1987), in order to qualify. Plaintiffs Complaint contains only vague allegations of financial harm. Accordingly, the equity jurisdiction required to invoke an injunction remedy does not exist in this case.

The Court finds that an unambiguous bar against injunctive relief under these circumstances is found in Section 7421(a). Consequently, this Court lacks subject-matter jurisdiction to grant the injunctive relief requested by Plaintiffs.

**F**

**Dismissal is Appropriate**

■ A complaint cannot be dismissed for failure to state a claim unless it appears

---

8. *See* 26 U.S.C. § 7429(b) and 26 U.S.C. § 7421.

beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Reddy v. Litton Indus.*, 912 F.2d 291, 293 (9th Cir.1990); *York v. Story*, 324 F.2d 450 (9th Cir.1963).

Here, Plaintiffs' core contention is that no statutory basis exists for imposition of liens and levies against their property. The Court has found, to the contrary, that such a basis does exist. Moreover, I have determined that Plaintiffs do not have standing to raise a claim of a third party to a parcel of real property seized by the IRS. Under these circumstances, Plaintiffs are not entitled to damages, a decree quieting title, or an injunction against the IRS. Defects such as these cannot be cured by simply amending the Complaint; rather, it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Therefore, I recommend that Plaintiffs' Complaint be dismissed with prejudice.

## IV

### PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT

On July 22, 1994, Plaintiffs filed a Motion for a Declaratory Judgment (Dkt. # 11), arguing essentially that the Federal Defendants were properly served and that the Federal Defendants failure to answer and show documentation supporting their title to the property in question merits the Court issuing a declaratory judgment in favor of the Plaintiffs.

Based on my findings that the United States should be substituted in place of the Federal Defendants and that Plaintiffs Complaint fails to state a claim upon which relief can be granted against the United States, declaratory judgment in favor of the Plaintiffs is not appropriate.

### *RECOMMENDATION*

Based on the foregoing, I recommend:

(1) That the Federal Defendants shall be dismissed as Defendants in this case and that the United States, specifically the Internal Revenue Service, be substituted for the Federal Defendants as the sole defendant in this case;

(2) That the Defendants' Motion to Dismiss (Dkt. # 6) be GRANTED;

(3) That the Plaintiff's Motion for a Declaratory Judgment (Dkt. # 11) be DENIED; and

(4) That, based on this Order, this case be DISMISSED IN ITS ENTIRETY.

Written objections to this report and recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1)(B) or that party may waive the right to raise the objections before the Ninth Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *McCall v. Andrus*, 628 F.2d 1185 (9th Cir.1980), *cert. denied* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981); *Britt v. Simi Valley Unified School District*, 708 F.2d 452 (9th Cir.1983).

DATED this 1st day of December, 1994.